State v. Pigg.

---

THE STATE OF MISSOURI, Defendant in Error, v. WILLIAM E. PIGG, Plaintiff in Error.

Kansas City Court of Appeals, November 5, 1900.

1. Criminal Law: CARRYING WEAPONS: ELECTION. On an information charging the defendant in separate counts with carrying concealed weapons and with going into a social gathering having them about his person, the state is not compelled to elect on which of the two counts it will proceed.

2. ———: ———: DIFFERENT PLACES. On the trial of an information for carrying concealed weapons without naming the specific place of the offense, it is competent for the state to give evidence of any such offense within the period of limitation.

3. ———: ———: EVIDENCE: SHOOTING. On the trial of an
information for carrying concealed weapons the state may show the
defendant shot at the prosecuting witness, as it tends to show the
intention and that the weapon was deadly.

Error to the Boone Circuit Court.—*Hon. J. A. Hockaday,*
Judge.

AFFIRMED.

*S. Turner* and *E. W. Hinton* for plaintiff in error.

(1) After evidence had been introduced showing that
the defendant had a pistol concealed about his person at the
Jones party on the twenty-ninth of December, 1899, the court
erred in admitting proof of another and distinct carrying of
concealed weapons nearly a year before, with which the de-
fendant was not charged in the information and for which he
had not been tried before the justice.   Columbia v. Johnson,
72 Mo. App. 232; State v. Yockey, 49 Mo. App. 443; State
v. Wilson, 39 Mo. App. 184; State v. Roberts, 33 Mo. App.
524; State v. Fierline, 19 Mo. 381; State v. Goetz, 34 Mo.
85; State v. Harrold, 38 Mo. 496; State v. Daubert, 42 Mo.
242.   (2) The court erred in giving the state's first instruc-
tion by which the jury were authorized to convict the defend-
ant for a separate offense.   State v. Yockey, 49 Mo. App.
443; State v. Hays, 36 Mo. 80, and cases cited under point 1.
State v. Shelby, 90 Mo. 302.   (3) The court erred in admit-
ting evidence that the defendant became involved in a diffi-
culty with the witness Woolfalk and shot him. This was a sep-
arate and independent transaction which threw no light on
the undenied act of carrying a pistol, especially as the evi-
dence shows that the difficulty was not of the defendant's
seeking.   State v. Roberts, 33 Mo. App. 524; Columbia v.
Johnson, 72 Mo. App. 232; State v. Goetz, 34 Mo. 85; State

State v. Pigg.

v. Reavis, 71 Mo. 419; State v. Tabor, 95 Mo. 585. (4) The court erred in giving the state's 4th instruction by which the burden of justifying himself was cast upon the defendant. State v. Wingo, 66 Mo. 181; Nichols v. Winfrey, 79 Mo. 544; State v. Hickam, 95 Mo. 322; State v. Tatlow, 136 Mo. 678; Columbia v. Johnson, 72 Mo. App. 232.

*J. H. Murry* for defendant in error.

(1) The court did not err in refusing to require the state to elect on which count of the information it would prosecute. When the crimes alleged are misdemeanors, the court will not compel the prosecutor to elect on which count he will proceed. State v. Heinze, 45 Mo. App. 403. (2) The court did not err in not confining the state, in its proof, to the exact time charged in the information. State v. Heinze, 45 Mo. App. 403; State v. Hopper, 21 Mo. App. 510; State v. Hughes, 82 Mo. 86; State v. Goff, 66 Mo. App. 491. (3) Nor did the court err in not confining the state to the evidence offered at the trial before the justice. State v. Heinze, 45 Mo. App. 403; R. S. 1899, sec. 2782; State v. Small, 31 Mo. 197; State v. Brumley, 53 Mo. App. 129. (4) The court did not err in giving the state's first instruction. It did not authorize the jury to convict the defendant for a separate offense. State v. Heinze, 45 Mo. App. 403; State v. Hopper, 21 Mo. App. 510. (5) The court did not err in admitting evidence that the defendant became involved in a dispute and shot off his pistol. This evidence was admissible to show the intent with which the weapon was carried, and also to show that the weapon was loaded, and, therefore, a dangerous and deadly weapon. State v. Larkin, 24 Mo. App. 410; State v. Murray, 39 Mo. App. 127. (6) Nor did the court err in giving the state's 4th instruction. State v. Livesay, 30 Mo. App. 633; State v. O'Brien, 74 Mo. 549.

ELLISON, J.—The defendant was charged in an information before a justice of the peace with three offenses set forth in three separate counts: First, for carrying concealed weapons; second, for going into the dwelling house of Josiah Jones, where there was a social gathering, having about his person a deadly weapon; third, for exhibiting in a rude, angry and threatening manner a deadly weapon in the presence of three individuals named. He was convicted on all three counts before the justice and appealed to the circuit court of Boone county, where the third count was dismissed and he was convicted on the first count.

Defendant asked the trial court to compel the state to elect on which of the two counts it would prosecute. The court properly refused to so order. State v. Heinze, 45 Mo. App. 403.

Defendant urges here that since it was shown that defendant had a pistol concealed about his person at the Jones social gathering, the court erred in permitting the state to also show that at another time and place (though within the period of limitation) he had carried concealed weapons. This was not error. The charge in the first count of the information is merely for carrying concealed weapons, not naming any particular place save the venue of Boone county. Under such a charge it is competent to give evidence of any such offense within the period of limitation. State v. Heinze, *supra*. And that some specific offense is proved before the justice does not prevent the state from relying upon some other on appeal to the circuit court.

The authorities cited by defendant in support of his contention we think are not applicable. Thus it is held that on a specific charge of selling liquor to a certain person named you can not show a sale to some other person. But if the charge is of a sale generally you may show several sales to different persons within the period of limitations.

Evidence was admitted to show that the defendant shot at one Woolfalk with whom he had a difficulty at the Jones gathering, and he contends this was error. We think it was properly admitted. The object was not to prove some other offense of different character, but to show the intent and that the weapon was loaded and, therefore, deadly. State v. Larkin, 24 Mo. App. 410; State v. Murray, 39 Mo. App. 127.

We have noted all the objections of defendant including those relating to the instructions and find that the case has been properly tried. The case of State v. Heinze, *supra*, really disposes of most all the complaints urged here and we see no reason for departing from the rules laid down in that case.

The judgment is affirmed. All concur.