## THE STATE v. ALEXANDER LIEF, Appellant.

### Division Two, March 18, 1913.

1. **INFORMATION: Election.** Where several misdemeanors are charged in different counts of an information it is a matter in the discretion of the trial court whether the State shall be put to an election.

2. **STATUTE: Constitutional Question: Separable Provision.** A provision in Sec. 6605, R. S. 1909, a part of the Foods and Drugs Act, which requires that all fines collected shall be paid to the State Treasurer, is unconstitutional, but it is separable from the other parts of the statute and therefore does not invalidate them.

3. **FOODS AND DRUGS ACT:** Includes Non-Alcoholic Drinks. The Foods and Drugs Act of 1907 covers non-alcoholic drinks.

4. ————: **Misbranding: Information.** *Held,* that the information sufficiently charged the offense of misbranding under Sec. 6596, R. S. 1909, of the Foods and Drugs Act.

5. **APPEAL: Conviction on Two Counts: Reversal and Affirmance.** Where it appears upon appeal that there was no evidence to support the conviction of defendant upon one count of the information, and his conviction upon the other count is well supported, the Supreme Court will reverse the judgment upon the first count and affirm that upon the second.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Calvin N. Miller,* Judge.

AFFIRMED (*in part*).

*Benjamin J. Klene* for appellant.

(1)  The amended information plainly attempts to charge two offenses as growing out of a single act. The gravamen of each charge in the information is the same in each case, to-wit, having this bottle of soda water in possession with intent to sell, which same act is alleged in the first count to be a crime because its contents were adulterated with this foreign substance, saccharine, while in the second count the same intent is alleged as illegal because the container of the adulterated goods was misbranded. This constitutes, if any, only one offense. Lorton v. State, 7 Mo. 55; State v. Morphin, 37 Mo. 373; State v. O'Connell, 144 Mo. 387; State v. Maggard, 160 Mo. 469. (2) As section 14 of the Act of 1907 is in conflict with section 8 of article 11, and, as the act in question is inefficient without penalties, the whole act falls. Section 14 recites the penalties for all the acts denounced in this enactment. This section containing, as it does, a provision that these penalties shall be paid into the State treasury rather than the school fund of the county, vitiates the whole section and with it the whole act. State ex rel.

v. Nast, 209 Mo. 732; State ex rel. v. Warner, 197 Mo. 650; State v. Bengsch, 170 Mo. 114. The Legislature, by the Act of 1911 (Laws 1911, p. 261), has interpreted the act on which this prosecution is based as not including soda water and other non-alcoholic drinks. Such interpretation should have a large influence with the courts in determining the legislative intent of the act under which a prosecution is undertaken. 36 Cyc. 1142; Crohn v. Tel. Co., 131 Mo. App. 313; State ex rel. v. Stonestreet, 99 Mo. 361; Cooley, Constitutional Lim., p. 219; Railroad v. Brick Co., 85 Mo. 332; State v. Schenk, 142 S. W. 263; Sikes v. Railroad, 127 Mo. 326; Sedalia v. Taylor, 206 Mo. 346. (4) When one man is sought to be criminally punished, because he uses, perhaps by chance, the bottle of another, in which the latter's name is blown, and it is sought to make such a use a misbranding of goods, the statute denouncing such an act should be so definite in terms that the State could say here is the authority. We assert that there is no enactment in this State unless it is supplied in the Act of 1911, passed after the act charged was committed, that even by implication denounces the act as unlawful. Criminal statutes are strictly construed, nothing is added by intendment. Rixke v. Telegraph Co., 96 Mo. App. 406; State v. Reid, 125 Mo. 43; State v. Howard, 137 Mo. 289; Ackerman v. Green, 201 Mo. 231.

*Elliott W. Major*, Attorney-General, and *Alex. Z. Patterson*, Assistant Attorney-General, for the State.

Appellant contends that the act under which the prosecution was begun was in violation of the Constitution, in that it directed the payment of the fines assessed to the State Treasurer, while section 8 of article 11 of the Constitution provides that the same shall be paid to the school funds of the county in which the prosecution was had. This question has been often passed on by this court. State v. Bockstruck,

136 Mo. 335; State v. Newell, 140 Mo. 282; State ex rel. v. Warner, 197 Mo. 650. It may be conceded that the section of the Act of 1907, prohibiting the sale and manufacture of adulterated and misbranded foods (Laws 1907, p. 238), which provides that the fines assessed and collected shall be paid to the State Treasurer, is unconstitutional, but the sections of the act under which the information is drawn are not so dependent upon the penalty section, that the whole act must fail.

ROY, C.—The defendant was convicted on both counts of an information, the first count charging him with having in his possession, with intent to sell, a bottle filled with soda water which was adulterated with saccharine, which is alleged to be poisonous and injurious to health. The second count charged him with having in his possession, with intent to sell, a bottle filled with soda water, which bottle was misbranded by having blown thereon the words "Phos-Ferrone M'f'g Co."

The defendant filed separate motions to quash each of the counts of the information. The only parts of the motion necessary to be here considered are as follows:

"Third. Because said first count does not charge the defendant with having committed any crime or misdemeanor under the laws of Missouri.

"Fourth. Because the said amended information is multifarious and several counts are improperly united in said amended information.

"Fifth. Because the statute, 6595, Revised Statutes, Missouri for 1909, under which this prosecution is based, is in violation of section 4 and section 30 of article 2 of the Constitution of Missouri."

Both those motions were overruled.

On the first count the evidence showed that the bottles of soda water in question were delivered to the

city chemist, but it fails to show whether the contents were analyzed. There is no evidence of any kind that the contents were adulterated.

On the second count the evidence tended to show that the defendant had in his possession, with the intent to sell, bottles filled with soda water and that the bottles had blown therein the words "The contents of this bottle manufactured by the Phos-Ferrone Manufacturing Company, Phos-Ferrone." There was also evidence showing that soda water and Phos-Ferrone are different substances, and their names indicate a different composition.

I. Where several misdemeanors are charged in different counts it is a matter in the discretion of the trial court whether the State shall be put to an election. [1 Bishop's New Crim. Prac. sec. 452; State v. Pigg, 85 Mo. App. 399; State v. Kibby, 7 Mo. 317.]

*Election.*

II. Appellant claims that the last sentence in section 6605, Revised Statutes 1909, requiring the fines recovered under the provisions of that article to be paid into the State treasury is in contravention of section 8 of article 11, of our State Constitution, which requires that such fines shall go into the school fund of the several counties. We concede such claim. The defendant goes further and asserts that such fact invalidates all the penal features of that statute. We think otherwise. That provision is clearly separable from the other parts of the statute and does not affect them in the least. [Haag v. Ward, 186 Mo. l. c. 339; Finck v. Granite Co., 187 Mo. 244.]

*Constitutional Law.*

III. The claim is made that the Foods and Drugs Law of 1907 did not cover non-alcoholic drinks, and

Non-Alcholic Drinks.   that the act of April 7, 1911 (Laws 1911, p. 261), was an interpretation of the law to that effect and was intended to supply the deficiency. Section 6593 provides: "The term 'food,' as used in this article, shall include all articles used for food, drink, confectionery or condiment by man or animal, whether simple, mixed or compound." It is vain to contend that non-alcoholic drinks are not "used for drink" within the meaning of the Act of 1907. An examination of the amendment of 1911 will reveal that there were other reasons for the amendment than the one claimed by the appellant. They are too numerous to be set out here.

IV. While the second count does not use the language of the statute in charging the offense, it does sufficiently charge the offense. It is not

Misbranding.   necessary that the misbranding be charged under section 6597. That is the section in reference to drugs. It sufficiently charges under section 6596 that the bottle bore a statement, design or device regarding its contents which was false as to the person, firm or corporation by whom the contents were made.

V. Appellant makes the point that he has been convicted of two offenses, one under each count, both

Conviction on Two Counts: Reversal and Affirmance.   based on the same transaction and characterized by only one intent—the intent to sell.

Without discussing the merits of that proposition, we say that as there is no evidence of any adulteration under the first count we will reverse the judgment on that count and affirm the judgment on the second count. It is so ordered. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.