# THE STATE v. LULU M. COLLINS, Appellant.

### Division Two, February 23, 1923.

1. **ELECTION: Before Trial.** Where the information in one count charges forgery of a note and in another the utterance of said note, it is not error to overrule a motion, filed by defendant at the beginning of the case, to compel the State to elect upon which count it will proceed to trial.

2. **INFORMATION: Uttering Forged Instrument: Duplicitous: Statute.** A defendant cannot be tried and convicted of two different crimes at one and the same trial. An information which charges in one count that defendant did "unlawfully, wilfully, fraudulently and feloniously sell, utter, pass, exchange and deliver . . . for a consideration, a certain forged, counterfeited and falsely made instrument of writing, to-wit, a promissory note, purporting to be the act of" another, etc., and "unlawfully, wilfully, fraudulently and feloniously did sell, utter, pass, exchange and deliver and publish as true to" such other "for a consideration, with the intent then and there to have the same passed, and with the intent then and there and thereby her, the said" other, "to injure, cheat and defraud, and she, the said" defendant, "then and there well knowing the said instrument and note to be forged, counterfeited and falsely made," charges an offense under Section 3440, Revised Statutes 1919, which declares it to be forgery in the "fourth degree" to sell, exchange or deliver, for a consideration, any forged writing, with the intention to have the same uttered or passed, and also an offense under Section 3441, which declares it to be forgery to pass, utter or publish as true any forged instrument knowing it to be forged, which offense is by Section 3436 made forgery in the "third degree;" and as Sections 3440 and 3441 describe two separate and distinct offenses, both of which are charged in one count of the information, the one offense being forgery in the fourth degree and the other forgery in the third degree, the count is duplicitous, and is bad, in that it charges two offenses.

3. ————: ————: ————: **How Raised: By Motion to Elect.** A defendant may attack an information for duplicity by a motion, filed at the close of the State's evidence, to require the State to elect upon which of the two offenses charged in the same count it will proceed further. And where one count of the information charges different offenses, requiring different proof, both as to the acts perpetrated and the intent, it is error not to sustain such motion.

297 Mo.—17

4. ———: **Variance: Purport and Tenor.** The purport of an instrument is its legal effect, and both its tenor and legal effect necessarily appear when an exact copy of the instrument is set forth in the information. Where the allegation was that the forged instrument defendant uttered was an obligation to pay five hundred dollars "ninety days after the sixteenth day of September A. D. 1920" and the instrument offered in evidence read: "September 16, 1920. Ninety ——— after date we promise to pay," there was a fatal variance, if said allegation were the whole pleading, for the note was probably payable on demand; but where this allegation, which was really the alleged purport of the note, was followed by an exact copy of the note, the tenor of the note was fully alleged, and there was no variance. The purport is the conclusion of the pleader as to the legal effect of the instrument, and ordinarily such a conclusion would not be good as an allegation were it not for the fact that the statute (Sec. 3901, R. S. 1919) makes it sufficient in the absence of the tenor. But the tenor is present when the instrument is set out in exact words, and when that is done and the instrument itself is offered in evidence, there is no variance, but defendant is fully informed, in that respect, of the nature and cause of the accusation against him.

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

REVERSED AND REMANDED.

*C. E. Cowherd* and *J. H. Haley* for appellant.

(1) Defendant's motion to require the State to elect before the trial began should have been sustained. State v. Calvert, 209 Mo. 280. (2) Defendant's peremptory instruction asked at the close of the State's evidence in chief should have been given because there is a fatal variance between the note introduced in evidence and the note pleaded and concerning which the State offered its evidence. It was *pleaded* as a note "due ninety days after said 16th day of September, 1920," although it was also set out in the information *in haec verba*. The prosecuting attorney in his opening statement to the jury said the State would prove a note due in ninety days; and the prosecuting witness testified that the note delivered to her by defendant was one due ninety days after

date. Sec. 3901, R. S. 1919, makes it unnecessary to set out any copy or facsimile of the instrument, and that it shall be sufficient to describe it by any name or description it may be usually known or by the purport thereof." However it is still necessary to describe the instrument accurately. "It is not the purpose of this statute to dispense with good pleading, but simply to dispense with the common-law rule, which required the instrument to be literally copied in the indictment, and to allow the pleader to give the purport thereof. *When he undertakes to do this it must be done correctly.*" "The support of an instrument of writing is its substance and *legal effect*, and when, in an indictment for forgery, the purport of the forged instrument is attempted to be given, the substance and *legal effect* thereof, should be correctly stated." State v. Fay, 65 Mo. 490. (3) And the court erred in overruling defendant's motion to require the State to elect upon which of the offenses charged in the second count of the information it would proceed, which motion was filed after the State had elected to stand on the second count and after the court had refused defendant's peremptory instruction. The second count attempts to charge defendant with having violated three different sections of the statutes, each defining a separate and distinct crime, viz.: Secs. 3439, 3440, 3441, R. S. 1919; the second count is descriptive of three separate and distinct offenses, two of which are declared to be forgery in the fourth degree and the other third degree.

*Jesse W. Barrett,* Attorney-general, and *J. Henry Caruthers,* Assistant Attorney-general, for respondent.

(1) The information is in two counts and is sufficient. The first count correctly charges forgery in the third degree under Sec. 3436, R. S. 1919. State v. Paul, 203 Mo. 689; State v. Bell, 212 Mo. 129. (2) The second count, on which the conviction is based, is sufficient, although several useless words are employed therein which make it somewhat difficult to determine whether it is

drawn under Section 3440 or Section 3441. In view of the verdict finding the appellant guilty of forgery in the third degree we conclude that the pleader intended to base the charge on the latter section. State v. Chissell, 245 Mo. 554; State v. Watson, 65 Mo. 117; State v. Mills, 146 Mo. 197.

WHITE, J.—On the twentieth day of January, 1922, in the Circuit Court of Pike County, the appellant was found guilty of forgery in the third degree and her punishment assessed at three years' imprisonment in the penitentiary.

Miss Collins, for many years a teacher, was at one time president of Pike College, in Bowling Green; subsequently she was admitted to the bar, and was a practising attorney at the time the information in this case was lodged against her, March 26, 1921.

In the month of September, 1920, she undertook to negotiate a loan for one Mrs. Ida Burrus. She produced a mortgage and a note for five hundred dollars with the signatures of Daniel Grimes, a colored man, and Sarah Smith, his sister, whose name was Randall at the time of the trial.

The defendant told Mrs. Burrus that she was attorney for Daniel Grimes. She had in fact represented Daniel Grimes in some business; she had instituted in the circuit court a suit for him affecting the title to forty acres of land in which his sister Sarah Smith was interested. That suit was pending at the time of the trial.

The name of the payee was not written in the note. Miss Collins inserted the name of Mrs. Burrus, and told Mrs. Burrus that Grimes had authorized her to insert the name. Mrs. Burrus took the note and at that time gave Miss Collins a check for three hundred dollars, and later she gave her a check for one hundred dollars. Miss Collins made some statement about Grimes desiring the money to purchase forty acres of land, and represented that he had certain hogs, and cows, and had plenty of property, and stood well in the community.

The note was not paid at the expiration of ninety days, when Mrs. Burrus thought it was due, and after several attempts to collect it she went to see Grimes and his sister. They testified at the trial that they never executed the note. There was other evidence introduced, but the above is sufficient to show the general trend and effect of the facts testified to.

I. The information was in two counts. The first count charged forgery of the Grimes note, and the second the uttering and selling of that note. The defendant at the beginning of the case, before evidence was introduced, filed a motion to require the State to elect on which count it would proceed to trial. This motion was overruled.

Election: Before Trial.

At the close of the evidence offered by the State the defendant again filed a motion asking the court to require the State to elect upon which count it would stand, and the State elected to stand on the second count. The defendant then moved the court to require the State to elect upon which of the two offenses charged in the second count it would proceed to trial. The court overruled this motion, stating that the second count charged only one offense. Those several rulings of the court are assigned as errors.

There was no error in overruling the motion filed before evidence was introduced. The election between the two counts was entirely suffcient after the evidence was introduced. It is unnecessary to elucidate the doctrine upon which that ruling is held to be correct further than to cite cases in its support. [State v. Daubert, 42 Mo. 242; State v. Young, 266 Mo. l. c. 732; State v. Christian, 253 Mo. l. c. 393-4.]

II. A different question arises in determining the propriety of the ruling in regard to the different causes of action stated in the second count. Three questions present themselves for solution: (a) Did the second count state two causes of action?

Duplicitous Information: Election.

(b)   Was the motion to elect the defendant's proper method to reach, that infirmity? and

(c)   Was the defendant harmed by the ruling of the court?

The second count is as follows:

"Second Count

"And the said Rufus L. Higginbotham, Prosecuting Attorney within and for the County of Pike, in the State of Missouri, under his oath of office and upon his information, knowledge and belief, files this his Second Count and charges the facts to be, that at the County of Pike, in the State of Missouri, on or about the 16th day of September A. D. 1920, one Lulu M. Collins, did then and there unlawfully, wilfully, fraudulently and feloniously sell, utter, pass, exchange and deliver to one Mrs. Ida Burrus for a consideration, a certain forged, counterfeited and falsely made instrument in writing, to-wit, a promissory note, purporting to be the act of, and purporting to have been made and signed by one Sarah Smith and one Daniel Grimes, by which a pecuniary demand and obligation for the payment of five hundred dollars ($500), by said Sarah Smith and the said Daniel Grimes, to the order of one Mrs. Ida Burrus, ninety days after said 16th day of September, 1920, purported to be created, which said forged, counterfeited and falsely made instrument and promissory note is of the tenor following, that is to say:

"  '$500.00                         September 16, 1920

"Ninety ...... after date we promise to pay to the order of Mrs. Ida Burrus Five Hundred ........ Dollars For Vaue received negotiable and payable without defalcation or discount and with interest from date at the rate of 8 per cent per annum and if the interest be not paid annually to become as principal and bear the same rate of interest.

"  'SARAH SMITH

                                            his

"  'DANIEL X GRIMES

"  'Witness                              mark

" 'F. A. Davis          U          S
                    Documentary
                         2
                       cents
" 'No.          19-16-1920.          R
            " 'LMC'

unlawfully, wilfully, fraudulently and feloniously did sell, utter, pass, exchange and deliver and publish as true, to one Mrs. Ida Burrus for a consideration, with the intent then and there to have the same passed, and with the intent then and there and thereby her, the said Mrs. Ida Burrus, to injure, cheat and defraud, and she, the said Lulu M. Collins, then and there well knowing the said instrument and note to be forged, counterfeited and falsely made; and against the peace and dignity of the State."

Counsel for appellants in their arguments and brief say that this count charges three offenses: one under Section 3439, one under Section 3440, and one under Section 3441, Revised Statutes 1919. There is no trouble in determining that Section 3439 cannot be applied to any of the allegations of the information, because that section defines the offense of having in possession a forged instrument with *intent* to defraud by uttering the same.

Sections 3440 and 3441, for convenience, we copy as follows:

"Sec. 3440. *Selling forged instrument to have the same passed, fourth degree.*—Every person who shall sell, exchange or deliver, or offer to sell, exchange or deliver, for any consideration, any falsely altered, forged or counterfeited instrument or writing, the forgery of which is declared punishable, except as in the last section is excepted, knowing the same to be forged, counterfeited or falsely altered, with the intention to have the same uttered or passed, shall, upon conviction, be adjudged guilty of forgery in the fourth degree.

"Sec. 3441. *Uttering forged instrument.*—Every person who, with intent to defraud, shall pass, utter or publish, or offer or attempt to pass, utter or publish as

true, any forged, counterfeited or falsely altered instrument or writing, or any counterfeit or any imitation of any gold or silver coin, the altering, forging or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument, writing or coin to be altered, forged or counterfeited, shall, upon conviction, be adjudged guilty of forgery in the same degree as hereinbefore declared for the forging, altering or counterfeiting the instrument, writing or coin so passed, uttered or published, or offered or attempted to be passed, uttered or published."

Section 3440 declares that it is forgery in the fourth *degree* "to sell, exchange or deliver . . . for any consideration" any forged writing (with certain exceptions) "with the intenton to have the same uttered or passed."

Section 3441 declares that any person who, "with intent to defraud shall pass, utter or publish . . . as true" any forged instrument, "knowing such instrument . . . to be forged" shall be guilty of forgery in the same degree as hereinbefore declared for "forging, altering or counterfeiting the instrument."

Every element of the offense condemned in each section is alleged in the information; the defendant is charged in one count with violating both.

Those sections condemn selling and uttering forged instruments. The instrument described here is covered by Section 3436, which says the forgery of any instrument in writing whereby a pecuniary demand is created, "and which is not hereinbefore declared to be forgery in some other degree" is declared to be forgery in the *third degree.* The sections prior to that relate to particular classes and kinds of instruments. Section 3436, being general in its statement, relates to the forgery of an instrument like the note here.

Sections 3440 and 3441 describe two separate and distinct offenses with relation to that kind of a forged instrument. Section 3440 is directed aganst the selling or delivering for a consideration of such instrument with

intention to have the same uttered or passed; while Section 3441 is directed against passing, uttering or publishing as true the instrument with intent to defraud with knowledge that it was forged. It is not for us to question the wisdom of the Legislature in creating such fine distinctions. Several elements of each offense are not described in the section defining the other. The offense under Section 3440 is forgery in the fourth degree. The offense under Section 3441 is the same as that in Section 3436, forgery in the third degree. The punishment for each of the two degrees of that offense was different. [Sec. 3451, R. S. 1919.] The appellant is correct in saying that the second count describes two offenses and is bad for duplicity. [22 Cyc. 377; State v. Huffman, 136 Mo. 65.]

A defendant cannot be tried and convicted of two different crimes at one and the same trial. [State v. Pace, 269 Mo. l. c. 687; State v. Carragin, 210 Mo. l. c. 371.] A motion to quash or a demurrer would properly have been sustained to the indictment. It has been held by this court in the case of State v. Armstrong, 106 Mo. l. c. 413, that a defendant may attack an information or indictment for duplicity by motion to quash, demurrer, or motion to compel the State to elect. Other later cases indicate that a motion to elect is a proper method to pursue. [State v. Niehaus, 217 Mo. l. c. 345; State v. Davis, 237 Mo. l. c. 240.] Where no objection is made to the information on account of duplicity it will be cured by the verdict. [State v. Flynn, 258 Mo. l. c. 220; State v. Miller, 255 Mo. l. c. 230.]

The further question arises, was the defendant injured by failure of the court to sustain the motion to elect? This court quoted from Bishop on Criminal Procedure in the case of State v. Fox, 148 Mo. l. c. 525, to the effect that the failure to require an election is an inconvenience to which it puts the defendant in making his defense. A passage from 22 Cyc. 404, is very similar in effect.

The defendant was charged with forgery in the third degree and in the fourth degree. Each offense required

different proof from that required in the other, both as
to acts perpetrated and the intent of the defendant.' The
defendant was in no way relieved of the embarrassment
of attempting to meet the charge of two offenses at the
same time. We hold, therefore, that the refusal of the
court to require an election was error which will work
a reversal of the case.

III. It is claimed by the appellant that there was
a fatal variance between the allegations of the infor-
mation and the note produced in evidence.
Variance.      The note introduced in evidence begins as
follows:
"$500.00                                    September 16, 1920
   "Ninety ——— after date we promise to pay" etc.
The information alleges that the forged instrument
which the defendant uttered was an obligation to pay
five hundred dollars "ninety days after the said six-
teenth day of September, 1920." The argument is that
the note offered in evidence, having no time stated for
the payment, was payable on demand. That is prob-
ably correct under Section 794, Revised Statutes 1919.
If that were all, there certainly would be a variance be-
tween the instrument alleged and the instrument in-
troduced in evidence, but after the purport of the note
is alleged the information proceeds as follows: "Which
said forged, counterfeited and falsely made instrument
and promissory note is of the tenor following, that is
to say:" then follows an exact copy of the note which
was introduced in evidence.

In a case of this kind, the tenor of an instrument is
an exact copy of the instrument. The purport of the
instrument, as the term is construed, is the legal effect
of the instrument. [19 Cyc. 1397 and 1398.] In this
case the information sets forth the purport and also
the tenor of the instrument. In the case of State v.
Yerger, 86 Mo. 33, l. c. 37, it was said: "When the
tenor is exact and complete and sufficiently gives the
purport, then the purporting clause may be rejected as
surplusage" (citing Wharton's Criminal Law).

The purport of the instrument necessarily appears when the instrument is set forth according to its tenor.

In the case of State v. Bibb, 68 Mo. 286, where the variance was between the name of the party alleged to have been signed to the note and the name signed to the instrument which was set out *in haec verba,* this court said, l. c. 288: "There is no question of variance, as there might have been, if the receipt had not been fully set out in the indictment."

That case was cited with approval by the Supreme Court of Indiana in the case of Myers v. State, 101 Ind. 379. That was a case where the tenor and the purport as alleged in the indictment did not agree and the court said, at page 382:

"Now, in reason, the purport of the recited words is matter, not of fact, but of law, not for the jury, but for the court, and on familiar principles it need not be alleged. . . .

"Regarding, then, the purport clause as unnecessary, and, therefore, surplusage, the order being set out *in haec verba,* the case is brought within the curative provisions of the statute."

Applying that reasoning to the present case, the averment of the purport of the instrument here is a conclusion of the pleader as to the legal effect of the instrument. Ordinarily a conclusion of that kind would not be good at all as an allegation except that the statute (Sec. 3901, R. S. 1919) makes it sufficient in the absence of the tenor. It is absurd to say that the defendant was not made aware of "the nature and cause of the accusation" when the instrument which he was charged to have uttered was copied verbatim on the face of the charge.

IV. Some objections are made to the instructions. We find it unnecessary to discuss those because on another trial if the State should elect to file an amended information the instructions doubtless will be drawn to meet the issues presented and the objections now presented will disappear.

**Instructions.**

For the reasons mentioned the judgment is reversed and the cause remanded. All concur.