THE STATE v. MARTIN BROWN, Appellant.— 296 S. W. 125.

Division Two, June 3, 1927.

**1. INFORMATION: Intoxicating Liquor: Transportation: Place to Place.** An information which charges that defendant "did then and there unlawfully and feloniously transport certain intoxicating liquor, to-wit, forty gallons of corn whiskey" is not defective because it does not allege that the liquor was transported from any place to any place, or "from place to place." Under the statute (Act of 1923, sec. 19) it does not matter where the transportation begins, nor where it ends; nor is it necessary to allege destination, nor distance traveled.

**2. PRELIMINARY HEARING: Different Counts: Abandonment.** Where defendant was charged in an information of five counts, and the State elected at the close of its case to stand upon the first count, and thereby abandoned the remaining four counts, and the verdict was upon the first count only, a refusal of the court to hear evidence showing there was no preliminary hearing on those four counts was a ruling that did not harm defendant, whatever may have been his rights with respect to a preliminary hearing on those counts.

**3. INFORMATION: Separate Offenses: Remedy: Demurrer: Motion to Elect.** An information charging, in five counts, five separate and distinct offenses, committed on different days and growing out of different transactions, is a misjoinder, and a motion to elect is a proper remedy, and on principle a demurrer should lie on account of such misjoinder. The court should not permit a trial to begin or proceed upon an information charging separate and distinct offenses and showing on its face that they were committed on different days and grew out of different transactions, even if no motion to elect or a demurrer for misjoinder or a motion to quash is filed, but should sustain an objection to the introduction of any evidence on account of the misjoinder and a failure to elect.

**4. INFORMATION: Evidence Relating to Other Separate Offenses: Refusal to Instruct.** The information having charged five separate offenses, the first charging unlawful transportation of corn whiskey, and the second, third, fourth and fifth charging the unlawful selling of corn whiskey on four different dates, and evidence, over defendant's objection, having been produced by the State tending to show that he had bought and sold liquor on those dates, and the State, at the close of its case, on the motion of defendant, having elected to proceed on the first count, it was error to refuse defendant's request that the jury be instructed to disregard all the evidence relating to the other four counts, and especially all the evidence relating to the sale of liquor; and an instruction, given in response to a later request of defendant that the jury be instructed on all phases of law involved in the case, which told the jury that "the State has elected to proceed on the first count of the information charging defendant with the offense of transporting corn whiskey, and with the offense charged in the other counts the jury will have nothing to do," did not tell them to disregard the evidence which was produced throughout the trial tending to show that defendant had been selling liquor at different times, and a refusal to instruct as requested was reversible error.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2429, p. 1007, n. 79; 17 C. J., Section 3611, p. 278, n. 75. **Indictments and Informations,** 31 C. J., Section 339, p. 776, n. 83; Section 350, p. 783, n. 83; Section 359, p. 790, n. 7; Section 360, p. 790, n. 21; Section 365, p. 793, n. 70, 78; p. 794, n. 79; Section 389, p. 812, n. 72; Section 405, p. 820, n. 54. **Intoxicating Liquors,** 33 C. J., Section 452, p. 731, n. 72.

Appeal from Cass Circuit Court.—*Hon. Ewing Cockrell,* Judge.

REVERSED AND REMANDED.

*Redick O'Bryan* and *David P. Janes* for appellant.

(1) The information is bad in that it joins two or more separate and distinct offenses. The crime of transporting corn whiskey is a felony and each of the crimes of selling corn whiskey were felonies. Each crime was committed on separate days, and in no way was one corollary to the other and neither of said crimes grew out of the same transaction. State v. Daubert, 42 Mo. 245; State v. Christian, 253 Mo. 394; State v. Young, 183 S. W. 307; State v. Link, 286 S. W. 14. (2) The court erred in not admitting evidence offered by the defendant to sustain the issues in that part of the motion to quash the information, to show that he had not been accorded a preliminary examination on counts 2, 3, 4 and 5. State v. Langford, 240 S. W. 168. (3) The court erred in overruling the defendant's motion to quash the information. This assignment of error is covered in the citation in the first assignment above. (4) The court erred in failing to instruct the jury on counts 2, 3, 4 and 5 and properly withdrawing from their consideration the evidence admitted as to said counts. (5) The court erred in giving Instruction 6, in that said instruction misled and confused the jury. This instruction does not tell the jury that in

arriving at their verdict on count one, the evidence introduced on the other counts is withdrawn from their consideration. (6) The court erred in failing to instruct the jury upon all the questions of law, as requested by the defendant at the close of all the evidence in the case. Sec. 4025, R. S. 1919.

*North T. Gentry,* Attorney-General, and *Claud Curtis,* Special Assistant Attorney-General, for respondent.

(1) The trial court did not commit reversible error in overruling defendant's motion to quash on the ground that two separate and distinct felonies were joined in the same information. Inasmuch as the case was submitted to the jury on only one count and defendant was convicted on only one count, he has not been injured. State v. Cannon, 232 Mo. 205, 213; State v. Sharpless, 212 Mo. 203; State v. Morris, 263 Mo. 339, 356. (2) The court committed no error by refusing the evidence offered by defendant on his motion to quash to show that he had not been accorded a preliminary examination on counts 2, 3, 4, and 5. Oral evidence is inadmissible to prove a fact of record, where it is not shown that the record is missing. State v. Rodman, 173 Mo. 681; State v. Daugherty, 106 Mo. 182; State v. Shirley, 233 Mo. 335; State v. Wicker, 222 S. W. 1014; State ex rel. Stuart v. Maloney, 113 Mo. 367. (3) State's instruction number six is proper. It told the jury that since the state had elected to submit the case on the transportation charge they were to have nothing to do with the counts charging the sale of liquor. The defendant's objection that the court erred because it did not tell the jury the evidence introduced on the counts charging the sale of liquor was withdrawn is untenable. The jury was told the same thing in different words.

WHITE, J.—Information in five counts was filed in the Circuit Court of Johnson County, charging the defendant with violation of the prohibition law. The five counts charged: the first, unlawful transportation of corn whiskey, May 26, 1925; the second, unlawful selling of corn whiskey, December 22, 1924; the third, unlawful selling December 26, 1924; the fourth, unlawful selling December 29, 1924; and, the fifth, unlawful selling January 5, 1925.

Upon application of defendant, change of venue was awarded to Cass County, where trial was had October 29, 1925. At the close of the State's evidence the court sustained defendant's motion to compel the State to elect upon which count he would prosecute. The State elected to submit the case on the first count. Thereupon defendant introduced evidence, the case was submitted to the jury, and verdict returned finding the defendant guilty as charged and assessing his

punishment at five years' imprisonment in the penitentiary. Judgment followed, from which he appealed.

The Sheriff of Johnson County, Mason Lane, witness for the State, testified that he attempted to arrest the defendant May 26, 1925. He drove to a store at Robbins, about fourteen miles north of Warrensburg. While standing on the porch of the store he saw the defendant driving down the road. He walked out in the centre of the road and ordered defendant to halt. Instead of stopping, defendant fed the gas and went on. The sheriff was obliged to step out of the way. After defendant passed, the sheriff saw in the back end of his car something which seemed to fill it, covered with quilts. The sheriff fired a few shots at the car, then got in his own car and pursued the defendant for a distance of a half mile to three-quarters of a mile until he lost sight of defendant near a patch of timber. He drove on to Warrensburg where he found the defendant in the custody of a deputy sheriff. At that time there was nothing in the rear of defendant's car excepting the quilts. The sheriff went back along the road and traced the way the defendant had come by tracks in a corn field where he found forty gallons of corn whisky, five six-gallon jars, and one ten-gallon jar. Several witnesses testified to seeing the sheriff pursue Brown, Brown pass into the field, and to the tracing of Brown's car by the tracks it made to the place where the whisky was found. There is no claim that a case was not made out for transporting corn whisky on that day, May 26, 1925.

I. Before the trial the defendant filed a motion to quash the information on several grounds. The court overruled the motion, and error is assigned to that ruling.

It is claimed that the first count of the information is indefinite and uncertain, and does not apprise the defendant of **Information.** the crime of which he stands charged. It is as follows:

"Nick M. Bradley, Prosecuting Attorney within and for the County of Johnson, in the State of Missouri, now here in court, on the behalf of the State of Missouri informs the court under his oath of office: That Mart Brown at the County of Johnson, State of Missouri, on the 26th day of May, 1925, did then and there unlawfully and feloniously transport certain intoxicating liquor, to-wit: Forty gallons of corn whiskey; that the transportation of said intoxicating liquor was then and there prohibited and unlawful; against the peace and dignity of the State."

It fails to allege that defendant was transporting intoxicating liquor from any place to any place. Section 19 of the Act of 1923, defines transportation as conveying intoxicating liquor "from place to place." Appellant's counsel seems to interpret that expression

to mean that there must be some definite shipping point and some definite destination. In the commercial world, when goods are shipped from one person to another, usually there is a consignor, a consignee, and a carrier. The qualifying words in Section 19, make it an offense to carry the liquor in any container or receptacle of whatsoever kind or character, and by whatever means used, except carrying on the person. There is no limit as to the purpose of the transportation, nor as to the parties interested in it. It includes transportation for the carrier's own purpose. It does not matter where the transportation begins nor where it ends; it is the *act* of carrying that constitutes the offense. Neither destination nor distance is important.

The information is not open to that objection.

II.   The motion to quash complains that the defendant was denied preliminary hearing on the offenses charged in counts 2, 3, 4, and 5,

**Preliminary Hearing.** and the court refused to hear evidence showing there was no preliminary hearing on those counts. Since the State elected to proceed on the first count, abandoned the remaining four counts, and the verdict was on the first count only, whatever the defendant's rights were in respect to a preliminary hearing, he was not harmed by the ruling.

III.   A further ground in the motion to quash was that two or more separate offenses were joined in separate counts in one information. The defendant could not be convicted of two separate and distinct felonies, nor properly be tried for them at the

**Information: Different Offenses.** same time. That each of the five counts of the information charged a separate and distinct offense is apparent; each offense is put upon a different date. Transportation is a distinct and different offense from selling liquor. One might be guilty of both offenses, and although they were in connection with the same identical liquor he could be separately tried and convicted for each offense. [State v. Link, 286 S. W. 12.] Some statutes permit combining different offenses in one indictment or information in the same or different counts. Aside from those statutory exceptions the general rule is that a defendant may be charged in two or more counts in the same information and tried on all of them if the same offense is charged to have been committed in different ways, or if different offenses charged arose out of the same transaction, and were so associated that an acquittal or conviction on one would bar trial for another. In such case the defendant may be tried on all the counts, but may be convicted on only one, and the State is obliged to elect upon which count it will ask conviction. [State v. Young, 266 Mo. l. c. 732; State v. Cannon, 232 Mo. l. c. 212;

State v. Carragin, 210 Mo. 351; State v. Winer, 263 Mo. 356; State v. Christian, 253 Mo. 1. c. 396.] The subject is elucidated in all its phases in the Link case, and the Carragin case, supra. In those cases the offenses charged were so separate and distinct that they could not be combined in one information.

The question is one of practice—whether the defendant's motion to quash was the proper remedy against the misjoinder of different offenses in different counts in the same information.

No doubt, in case of duplicity, where two different offenses are charged in the same count, a demurrer, or motion to quash, or motion to elect, will lie. [31 C. J. p. 793, p. 812; State v. Flynn, 258 Mo. 1. c. 220; State v. Collins, 297 Mo. 1. c. 265.]

Where an indictment or information in separate counts charges two or more offenses growing out of the same transaction, or charging the same offense in different ways, a motion to elect before evidence is introduced, will not lie. An election may be required after the evidence for the State is in. [31 C. J. 790; State v. Carragin, 210 Mo. 351, 360; State v. Collins, 297 Mo. 261; State v. Young, 266 Mo. 732.]

None of those rulings meet the precise difficulty here, where separate offenses are stated in separate counts of the same information. The offenses charged on the last four counts are not related to the offense charged in the first count, nor does evidence in support of such counts tend to prove the offense charged in the first count. The alleged transportation, May 26, 1925, would not be supported by proof that the defendant sold whisky in December, 1924, or January, 1925, as charged. The proof of such sales could not involve the same whisky which was transported later.

No doubt, on motion, the court should have compelled an election before any evidence was introduced. [31 C. J. 790, note 7; State v. Guye, 299 Mo. 1. c. 366.] The authorities are in conflict as to whether a demurrer is the proper remedy in such a case. [31 C. J. 820.] Whether a motion to quash would lie does not seem to be considered in the cases cited in notes to that text. We have no doubt that the motion to elect is proper remedy, and on principle a demurrer should lie on account of such misjoinder. In the case of State v. Christian, 253 Mo. 396, different offenses were charged in different counts of an information, and different defendants were charged with different offenses in the same count. The court held that the motion to quash was good as against both those misjoinders.

In the case of State v. Young, 266 Mo. 1. c. 732, Judge FARIS, who also wrote the Christian case, held a motion to quash would not lie on account of the unwarranted joinder of counts in a single information, especially in view of the fact that an election to go to the jury on only one count was actually had therein. In that case each of

the two counts seemed to charge the same offense. The court should not permit a trial to begin or proceed when an information is in the shape presented here. At the beginning of the trial a motion to elect would have been proper and should have been sustained. The defendant, however, at that time did not move to elect, but did object to the introduction of any evidence on that ground, and it was error in the court to overrule that objection. That error is not saved in the motion for new trial. Under the ruling in the Christian case, supra, it was error to overrule the motion to quash, but it is not necessary to put a reversal upon that error because the matter may be disposed of for another reason, which will appear in the next paragraph.

IV. The trial proceeded, and the court, over the strenuous objection of defendant, admitted evidence tending to show that the defendant had bought and sold liquor; evidence which would **Refusal to** tend to support one or more of the charges in the counts **Withdraw** 2, 3, 4 and 5. At the time the evidence was offered there **Improper** **Evidence.** had been no election, and all counts were before the jury for consideration. At the close of the State's case, on the motion of the defendant, the State elected to proceed on the first count. Defendant's counsel then asked the court to instruct the jury to disregard all the evidence relating to the other four counts, especially the sale of liquor by defendant. The court failed so to instruct. Again at the close of all the evidence the defendant requested the court to instruct the jury on all phases of the law involved in the case, especially respecting the evidence that the jury heard on counts 2, 3, 4 and 5, that they should not consider it in making up their verdict. The court in response to that request, instructed the jury as follows:

"6. The State, by the information in this case, charges the defendant with several separate and distinct offenses. The State has elected to proceed in the case upon the first count of the information charging the defendant with the offense of transporting corn whisky, and with the *offenses charged in the other counts* the jury will have nothing to do."

The instruction merely apprises the jury that the State had elected to proceed on the first count, and with the offenses charged in the other counts they would have nothing to do. There is not a word in the instruction directing them to disregard the evidence which was produced through the trial showing the defendant had been selling liquor at different times. That evidence was most damaging to the defendant. The error in refusing to instruct as requested in that respect requires a reversal.

V. Appellant complains of unfairness on the part of the prosecuting attorney in the conduct of the trial. We think, however, that the matters complained of on that head probably arose through irritation caused by the vigorous contest in defense, and will not occur in another trial if the court limits the evidence strictly to the issues to be determined.

The judgment is reversed and the cause remanded. All concur.