**UNIVERSITY CITY, (Plaintiff) Respondent,**

v.

**Jim Joe REDWINE, (Defendant) Appellant.**

No. 31258.

St. Louis Court of Appeals.

Missouri.

March 17, 1964.

**610**

Leonard L. Bornschein, and Charles M. Shaw, Clayton, for appellant.

John J. Morris, City Counsellor, and John F. Mulligan, Asst. City Counsellor, University City, for respondent.

ANDERSON, Judge.

This is an appeal from a judgment of Division No. 3 of the Circuit Court of St. Louis County entered upon verdicts of a jury finding defendant guilty of violations of the provisions of an ordinance of University City. The prosecution originated in the Municipal Court of University City upon the filing therein of five separate informations charging defendant with separate offenses under said ordinance. These infractions of the law were all alleged to have occurred during fights between two groups of young men on August 10, 1961, in Heman Park in University City. Defendant was convicted in the city court on all five charges, and in due time appealed to the circuit court. The cases came on for trial in the circuit court on February 22nd, 1962, and on said date the trial court, over defendant's objection, entered an order consolidating for trial all the above mentioned cases. Said causes are designated in the record as No. 243,470, a charge of peace disturbance; No. 243,493, a charge of engaging in an affray; No. 243,494, a charge of common assault; No. 243,495, a charge of peace disturbance; and No. 243,496, a charge of engaging in an affray. The trial resulted in verdicts finding defendant guilty in causes Nos. 243,493, 243,494 and 243,496, and acquittals in causes Nos. 243,470 and 243,495. The court, thereafter, in accordance with said verdicts sentenced defendant "to serve a term of thirty (30) days in the city jail of University City, Missouri, in cause No. 243,493, a term of ninety (90) days in the city jail of University City, Missouri, in cause No. 243,494, and a term of thirty (30) days in the city jail of University City, Missouri, in cause No. 243,494.

■ Respondent has moved to dismiss the appeal for the reason that appellant's brief does not comply with the provisions of Rule 83.05, V.A.M.R. The brief does not contain any of the facts developed at the trial. There are twelve assignments of error under "points and authorities" and numerous abstract statements of law over which there is, and could be, no dispute. For the most part the assignments of errors are not supported by authorities, and practically all of those cited are not in point. The "Argument" is substantially a restatement of the propositions advanced under "points and authorities". The instructions attacked are not set forth in full in the argument portion of the brief. The brief clearly does not comply with the rules, and were it not for the fact that defendant's liberty is involved, we would dismiss the appeal. For that reason the motion to dismiss the appeal will be overruled. Since there is no statement in appellant's brief of facts which is necessary to be considered by the court in passing upon the assign-

ments of error, we will state briefly the facts as they appear from the record. They are as follows:

On August 10, 1961, at about 10 P.M. a group of teen-aged boys were in Heman Park in University City, a public park in said city. Those present were Myron Harvey Kinberg, Larry Gould, Brad Poncher, Bernard Steinberg, and Robert Magidson. These boys had known each other since childhood and, just prior to going into the park, were on their way to their respective homes. Bernard Steinberg and Myron Kinberg were on a wrestling team and while they were proceeding home, Kinberg told Steinberg he thought he could beat him at wrestling. All of the boys then went into the park and Kinberg and Steinberg started wrestling while the other boys watched. While thus engaged, another group of boys drove up in a car and began taunting the first group, calling them "Christ-killing Jews" and informing them that the part of the park they were in was for Gentiles only. Among the latter group was the defendant, who was their ringleader. Fights then ensued between the two groups, which was started by defendant and the group with him. After inflicting considerable injuries to the boys they were fighting, the second group left the park. There was ample evidence introduced to sustain the conviction of the charges under which defendant was tried. In fact defendant does not contend otherwise.

The first point urged is that the court erred in ordering defendant to trial when no transcript of the proceedings had in the lower court was on file in the circuit court. In support of this contention defendant cites Section 512.250 RSMo 1959, V.A.M.S. Said section relates to appeals from magistrate courts in civil cases and, of course, is not applicable for the reason that the appeal in this case was from a Municipal Court and is governed by Supreme Court Rule 37.80, V.A.M.R. Said rule provides for the filing of a duly certified transcript in the office of the circuit court within the time provided by law, together with all the original papers filed in the case. It also provides that the failure of the clerk to file such a transcript and papers within the time prescribed shall not affect the appeal. At the start of the trial, defendant's counsel announced ready for trial; then after the order of consolidation, and after the jury panel was sworn, he moved to dismiss the case for the reason that the file before the court showed no transcript as provided by law. Later in supporting his motion he said that the applicable rule provided that the city "shall file a transcript of *all* the proceedings".

We construe said objection and his statement in connection therewith as amounting to an admission that a transcript was filed, but that the file then before the court did not show it was filed according to law, and that it did not contain all of the proceedings below. The objection did not specify in what respect the transcript was deficient; whether it was not filed in time; whether some of the documents called for in the rule were omitted; or what part of the proceedings were omitted. It is unlikely that the cases would have been set for trial absent a transcript filed in the circuit court, or that each case would be given a circuit court number. Respondent's counsel, at the time, stated that all the other papers were in the file. This statement was unchallenged. Defendant's counsel did not show that his client was prejudiced in any way by reason of the matter complained of, either when called upon to do so by the trial court, or in this court. The court overruled defendant's motion, pointing to the provisions of Rule 37.84, which provides that a case after an appeal from a judgment has been entered upon the docket of the circuit court, the case shall be tried and determined de novo in such court as though the case had originated there. The appeals were lodged in the circuit court since, as we have heretofore stated, the transcript here contains copies of the informations filed. There is no showing in the record before us of any prejudice to defendant for the

failure of the clerk of the Municipal Court to file a transcript of the proceedings in the office of the Circuit Clerk within the time prescribed by law, or on account of any deficiency in said transcript. The point raised must be decided against appellant.

Defendant also complains that the trial court erred in ordering the consolidation for trial the five separate charges. In support of this contention it is urged that there is no provision in the rules of "Practice and Procedure in Municipal Courts" authorizing it. Defendant is in error in this respect. Rule 37.58 of said rules provide, " * * * Where one defendant is charged on several counts in the same information or complaint, * * * or by separate informations or complaints of several offenses, arising out of the same general state of facts and circumstances, such counts or informations and complaints may be tried separately or jointly in the discretion of the court."

■ It clearly appears from the record that the separate offenses charged arose out of the same general state of facts and circumstances. The cases were so nearly related in plan, purpose and time as to make it practically impossible to separate the proof thereof. It was, therefore, proper for the trial court, whose jurisdiction of the case was derivative, to consolidate for trial the separate informations providing, of course, the defendant was not confounded in his defense or otherwise prejudiced. In our judgment there was no prejudice to defendant. If the cases had been separately tried the evidence pertaining to each charge would have been admissible as to the others. Defendant has failed to point out in what respect he could have been prejudiced, nor can we think of any. In fact the procedure adopted was in the interest of both plaintiff and defendant, for it avoided unnecessary delay and expense that would have resulted in five trials instead of one. The court did not abuse its discretion in consolidating for trial the five cases.

■ In reaching the above decision we have not overlooked the rule established in this state, and relied on by defendant, that one cannot be convicted in the same trial for two different and distinct felonies. State v. Collins, 297 Mo. 257, 248 S.W. 599. But we have been unable to find where this rule has been applied to misdemeanors, or to a prosecution under a city ordinance, which is not a proceeding to punish for the the commission of a crime, notwithstanding the fact that on appeal to the circuit court the procedure thereafter is in accordance with the rules of criminal procedure. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935. In that case the court held that since the action was for violation of a city ordinance, it was civil in nature and for that reason the city was entitled to appeal from an adverse judgment of the circuit court as in the case of any other party. State v. Kellmann, 343 Mo. 762, 123 S.W.2d 70, was a prosecution for misdemeanors when nine charges were united in one count. The supreme court held the information bad for duplicity and affirmed the judgment quashing the information. But the court also held that the prosecution could, if it so desired, join the nine charges in one information in separate counts, and secure convictions on each count that was sustained by the proof. This, of course, could not be done if the rule in State v. Collins, supra, applied. In State v. Lief, 248 Mo. 722, l. c. 726, 154 S.W. 1133, it was held that where several misdemeanors are charged in separate counts it is within the discretion of the trial court whether the state shall be put to an election. See also State v. Kibby, 7 Mo. 317, and State v. Pigg, 85 Mo.App. 399.

It is also our view that separate informations charging offenses of the character of those involved and arising out of the same general state of facts and circumstances, may, in the discretion of the court, be tried together, notwithstanding there is no statute authorizing consolidation. This appears to be the common law rule on the subject.

See 23 C.J.S. Criminal Law § 931a, pp. 677–680. The court did not err in consolidating these causes for trial.

■ Defendant's next complaint is that the court erred in refusing to dismiss one of the informations charging defendant with the offense of engaging in an affray. This pertains to causes Nos. 243,493 and 243,496. Defendant relies upon Supreme Court Rule 37.29 in support of his contention. Said rule provides as follows:

"If there be at any time pending against the same defendant two informations or two complaints for the same offense, the information or complaint first filed shall be deemed to be suspended by the second information or complaint".

There is no merit to the point urged. An examination of the two informations show that they do not charge the same offense. The information in cause No. 243,493, charges defendant with engaging in an affray centered around Robert Magidson. The information in cause No. 243,496 charges an affray in connection with Myron Kinberg. There was sufficient evidence to support these charges. In other words, the evidence shows there were two disturbances led by defendant, one in which Robert Magidson was the principal target and the other in which Myron Kinberg was the principal target. They were closely related in point of time, but two separate offenses.

■ Appellant's next complaint is that the informations filed in causes Nos. 243,493 and 243,496 do not charge an offense because they do not describe the acts complained of in the language of the ordinance. There is no merit to this contention. A prosecution for violation of a city ordinance is in the nature of a civil action. City of Clayton v. Nemours, supra; City of St. Louis v. Fitch, 353 Mo. 706, 183 S.W. 2d 828; City of Cape Girardeau v. Smith, Mo.App., 61 S.W.2d 231. The same strictness in stating the offense is not required as in a criminal prosecution. City of Poplar Bluff v. Meadows, 187 Mo.App. 450, 173

S.W. 11. Each information specifically advised defendant of the time and place, and the particulars in which he had violated the ordinance. It advised of the nature of the charge against him and the number of the ordinance upon which the prosecution was based. It is difficult to believe that defendant was misled as to the purpose of the prosecution, or that he has been prejudiced in any way by reason of any omission of fact that might also have been alleged. An information charging a violation of an ordinance is adequate if it gives notice of the offense and is sufficiently definite to be pleaded in bar of a subsequent prosecution. City of Poplar Bluff v. Meadows, supra. We believe the information complained of met that test.

■ A complaint in a prosecution for the violation of a city ordinance is ordinarily sufficient where it describes the act complained of in the language of the ordinance. City of St. Louis v. Weitzel, 130 Mo. 600, 31 S.W. 1045. But we are unable to find any authority that it must follow the language of the ordinance. We rule the point raised against defendant.

Defendant's next contention is that the court erred in giving the jury Instructions Nos. 3, 4, 7, 8, 9 and 10. Three of these instructions were verdict-directing instructions and three were instructions advising the jury as to the punishment the jury might assess in the event the jury found defendant guilty. Defendant's first complaint is that the instructions did not require findings of defendant's guilt beyond a reasonable doubt. In support of this assignment defendant has cited two cases which are not in point. There is no merit to the contention, for the reason that the court did by Instruction No. 12 require such a finding. By said instruction the court charged the jury as follows: "The Court instructs the jury that the burden is on the City of University City to prove the defendant guilty beyond a reasonable doubt, and unless it has done so, you should acquit defendant * * *." The instruction then

defines the term "reasonable doubt." It will thus be seen that the complaint made is frivolous. The next complaint is likewise frivolous. Said complaint is that the instructions did not inform the jury that unless they should find the facts to be (as therein hypothesized) they should acquit the defendant. It will be seen from the quoted part of Instruction No. 12 that the jury was properly instructed as to their duty to acquit, unless the jury found defendant guilty beyond a reasonable doubt.

There are other complaints directed against the instructions which we will not consider because they were not made the basis of a specific objection either at the trial or in the motion for rehearing.

Respondent's motion to dismiss appeal overruled.

Judgment on said verdicts is affirmed.

RUDDY, P. J., and WOLFE, J., concur.