### THE STATE v. EVERETT LINK, Appellant.

#### Division Two, June 25, 1926.

1. **DIFFERENT FELONIES: Joined in Same Indictment: Conviction of Both.** With the exception of burglary and larceny, a defendant cannot at one trial be convicted of two or more felonies, although they grow out of the same transaction. An indictment charging an accused, in one count of the indictment, with the unlawful making of hootch, moonshine, corn whiskey, and in another count with selling hootch, moonshine or corn whiskey, charges two separate felonies, and whether or not both crimes can be charged in the same indictment, the defendant cannot be convicted of both at the same trial. Under such circumstances the State must elect to stand upon one count or the other, and the giving of instructions authorizing a conviction on both counts is error.

2. ————: **Statute: Joint Prosecution of Separate Misdemeanors.** Section 6596, Revised Statutes 1919 (which is one of the sections of Article VII of Chapter 52), in declaring that "in any affidavit, information or indictment for the violation of this article, separate offenses may be united in separate counts and the defendant may be tried on all of the separate offenses at one trial and the cumulative penalty for each offense may be imposed by the courts," specifically confines the right to join counts for separate offenses to those offenses defined in said article, and all those offenses are misdemeanors. The Act of 1923, Laws 1923, pp. 236 to 247, made certain violations of the prohibition laws felonies, and by its terms is a separate and distinct act from said Article VII, and therefore said Section 6596 is no authority for a conviction at one trial of the different felonies denounced by the Act of 1923.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 470, p. 279, n. 47 New. **Indictment and Information,** 31 C. J., Section 339, p. 776, n. 83; Section 344, p. 780, n. 40; p. 781, n. 43; Section 350, p. 783, n. 83, 84; Section 359, p. 790, n. 7.

Appeal from Dunklin Circuit Court.—Hon. E. P. Dorris, Special Judge.

REVERSED AND REMANDED.

*Munger & Munger* and *J. W. Farris* for appellant.

(1) The defendant was found guilty on count one of the indictment which alleges that he manufactured "hootch," "moonshine" or "corn whiskey." These terms are not synonymous. State v. Pinto, 279 S. W. 147. Therefore, the indictment was uncertain in its allegations. State v. Wyatt, 245 S. W. 583; State v. Fletcher, 257 S. W. 159; State v. Bounds, 262 S. W. 411. (2) The court erred in giving instruction numbered 4-a, because the instruction is a comment on the evidence and singles out for the jury's attention the testimony of Allie Pryor, when the indictment does not contain the name of

any person. State v. Northington, 268 S. W. 59.   (3)   It is error to
instruct the jury permitting them to convict upon a state of facts
not supported by the evidence.   State v. Stemmons, 262 S. W. 707;
State v. Marlen, 259 S. W. 434; State v. Jordan, 268 S. W. 70.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Special As-
sistant Attorney-General, for respondent.

(1)   Count one of the indictment charges that the defendant, "did
unlawfully and feloniously manufacture, make, brew and distill in-
toxicating liquor commonly called 'hootch,' 'moonshine,' 'corn whis-
key,' against the peace and dignity of the State." This count of
the indictment is in approved form.   State v. Alexander, 278 S. W.
709.   The third count in the indictment charges that the defendant
"did unlawfully and feloniously sell intoxicating liquor commonly
called 'hootch' 'moonshine' or 'corn whiskey' against the peace and
dignity of the State."   This count of the indictment is also sufficient
according to the authority above cited.   (2)   The appellant com-
plains because in the verdict the jury not only found the defendant
guilty as charged in the third count of the indictment but also added
"of selling 'hootch,' 'moonshine,' 'corn whiskey,' to Allie Pryor."
The words just quoted are surplusage.   The verdict is good without
them and cannot be harmful because it included them.   There could
possibly be no prejudice to the defendant because of the form of the
verdict.

BLAIR, J.—At the March term, 1924, of the Circuit Court of
Stoddard County, an indictment in twelve counts was returned against
appellant, charging him with various and sundry violations of our
prohibition laws.   The regular judge was disqualified and the judge
of another circuit was called in as special judge.   Later an applica-
tion for change of venue was filed, alleging bias and prejudice of
the inhabitants of both Stoddard and Dunklin counties.   The ap-
plication was sustained as to Stoddard County, and overruled as to
Dunklin County, and the case was transferred to and tried in Dunk-
lin County.

Appellant filed his plea in abatement, challenging the indictment
on numerous grounds, including the ground that separate and distinct
felonies and misdemeanors were improperly joined in such indict-
ment.   A motion to quash the indictment was also filed.   Both the
plea in abatement and the motion to quash the indictment were over-
ruled, and exceptions saved.

At the conclusion of all the evidence, the State elected to stand
upon counts one and three of the indictment.   Said counts charged
violations of Section 21, Laws 1923, page 242, which constituted fel-

315 Mo.—13.

onies. All other counts were dismissed. Thereupon the case was argued and submitted to the jury and verdicts of guilty were returned on both counts. Timely motions for new trial and in arrest of judgment were filed and overruled. Appellant was sentenced to two years' imprisonment in the penitentiary on each count. An appeal was granted to this court.

Although the motions for new trial and in arrest of judgment assigned quite an array of errors alleged to have been committed below, appellant has briefed and submitted the case here almost entirely upon one proposition. We will treat the assignments not renewed here as abandoned and consider only those urged in this court.

Appellant was charged in the first count with manufacturing, making, brewing and distilling "hootch," "moonshine," "corn whiskey" and in the third count with selling "hootch," "moonshine" or "corn whiskey." So much of Section 21 of Laws of 1923, at page 242, as is of importance here, reads as follows: "If any person shall manufacture, make, brew, distill, sell, give away or transport any 'hootch,' 'moonshine,' 'corn whiskey' shall be guilty of a felony," etc.

Generally speaking, said section denounces three separate and distinct classes of acts which constitute felonies, to-wit, making, disposing of and transporting "hootch," "moonshine," "corn whiskey." The first count of the indictment charged appellant with making such intoxicating liquor and the third count charged him with selling such intoxicating liquor. It is apparent that the making of such intoxicating liquor is a separate and distinct offense from the selling of such intoxicating liquor because a person might be guilty of making it without selling it or might be guilty of selling it without having made it. A person might make it and also sell it and thereby be guilty of two distinct offenses in respect to the identical liquor.

The question for determination then is whether appellant could legally be charged with such separate and distinct felonies in separate counts of the same indictment and could be tried and convicted of more than one felony under one indictment and at the same trial.

There is no express prohibition against such practice to be found in our statutes. They expressly authorize the joining in one indictment or information of separate counts for certain crimes. Counts for larceny and embezzlement and counts for larceny and obtaining property by false pretenses may be joined. [Sec. 3896, R. S. 1919.] Counts for burglary and larceny may be joined in the same indictment and convictions had on both counts. [Sec. 3305.] Counts may also be joined charging different degrees of the same offense. [Sec. 3897.] It has also been frequently held by this court that the same offense may be charged in different ways in separate counts to meet the form the proof may take.

The two separate and distinct felonies of making and of selling intoxicating liquor are certainly no more akin to one another than are the felonies of forging an instrument and uttering the same forged instrument. This court has held that counts for forgery and for uttering the same forged instrument may be joined in the same indictment, or information, but has uniformly held that the accused could not be convicted of both offenses. A conviction of one is equivalent to an acquittal of the other.

In State v. Carragin, 210 Mo. 351, defendant had been convicted of both the forgery and the uttering of the same forged instrument under separate counts in the same information and his punishment had been fixed at two years in the penitentiary on each count. Judge GANTT there very ably and exhaustively reviewed the cases and held that the trial court erred in overruling the motion to require the State to elect and also erred in instructing the jury that they might convict defendant of both offenses. His treatment of the question is quite lengthy and we will not repeat it here. It may be found at pages 359 to 371, both inclusive, in Volume 210 of our Reports. We can add nothing to the reasoning employed or to the conclusions reached in his able opinion.

Judge GANTT summed up his conclusions as follows:

"From the foregoing authorities we deduce the principle that it would have been proper for the circuit court to have instructed the jury on the evidence produced in this case, after defining what would constitute a forgery of the indorsement, and uttering the same, that they might find the defendant guilty under either count of the indictment accordingly as they found the facts to be, but not upon *both*, or have required the prosecuting attorney at the close of the evidence to have elected upon which count he would ask a conviction. In instructing the jury that they might find the defendant guilty under *both* counts, and in refusing to require the prosecuting attorney to elect after all the evidence was in, the court committed reversible error. We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny, which is expressly allowed by statute."

In State v. Young, 266 Mo. 723, in discussing the right of the State to charge separate and distinct felonies in separate counts in the same information, FARIS, P. J., said:

"The legal test of permitted joinder is not whether the offenses charged in different counts of a single information as having been committed in different ways are, or are not, defined and denounced by different sections of the criminal code. The test is: Whether such offenses arose out of the same transaction, and are so far cognate as that an acquittal or a conviction of one would be a bar to a trial for the other."

In State v. Christian, 253 Mo. 382, at page 392, Judge FARIS very ably discussed the cases and clearly announced the rule upon this question in disposing of the point there involved, which was the propriety of the joinder of two defendants in one count which charged larceny, while the other count charged only one of the defendants as an accessory after the fact in aiding the other to escape. He there said:

"Were the two offenses charged such as are permitted to be joined in the same information? We think not. The statute permits a count for larceny to be joined with a count for embezzlement, or with a count for obtaining property by any false pretense, or false token. [Sec. 5103, R. S. 1909.] If an offense by law comprises different degrees the information may contain counts for the several degrees of the same offense, or for one or more of them. [Sec. 5104, R. S. 1909.] In cases of burglary, where in the act of committing the burglary a larceny is also committed, defendant by statute may be charged with both offenses in the same count or in separate counts of the same information, and if found guilty may be punished by a separate term of imprisonment for each offense. [Sec. 4528, R. S. 1909.] In passing we may say that this is the only exception in our State to the rule that but one punishment can by law be meted out for the commission of a single criminal act. So far the statute prescribes the practice.

"We have held, however, that a count for forgery may be joined with a count for uttering the instrument forged (State v. Carragin, 210 Mo. 351); and that a count for larceny may be joined with a count for receiving stolen goods. [State v. Richmond, 186 Mo. 71.] In none of such cases, except that of burglary and larceny above adverted to, will more than one conviction be allowed to stand, and at the close of the case either an election must be made by the State or the jury must be instructed by the court that they can convict on but one count. [State v. Carragin, supra.] It goes without saying that in order to meet the exigencies of the proof, it is well settled that the pleader may charge an offense like murder, or an assault with intent to kill in as many counts as may be reasonably necessary. [State v. Hargraves, 188 Mo. l. c. 348; State v. Jackson, 17 Mo. 544.] So also a count for an assault with intent to kill may be joined with a count for an assault with intent to rape, or to do great bodily harm, or with an assault to commit any felony. This from the very nature of these offenses, and more often from the necessities of the case, and by inference, from the very letter of the statute. [Sec. 4481, R. S. 1909.]

"We have not been able to find any other permissible joinders of counts for different offenses in the same information, allowed by the decisions, or by the statutes of this State. Clearly then by the method

of exclusion and inclusion we may deduce the rule (statutory excep-
tion excepted) that only such offenses may be joined as arise out of
the same transaction, and which are so far cognate as that an ac-
quittal, or conviction for one, would be a bar to a trial for the other.
Judge WAGNER in the case of State v. Daubert, 42 Mo. 242, expressed
his view of the facts which will allow a joinder, thus: 'Where the
offense charged in the second count is of the nature of a corollary
to the original felony, as in larceny and the receiving of stolen goods,
a joinder is good; and whenever there is a legal joinder, the court
may exercise its discretion as to an election.' ''

Tested by the foregoing rule, it is questionable if counts for mak-
ing and for selling ''hootch,'' ''moonshine,'' ''corn whiskey,'' can
be properly joined in the same indictment or information. How-
ever, we do not need to decide that question in this case. Certainly a
conviction upon both counts charging such felonies and sentences
to the penitentiary on both counts cannot stand when duly and timely
assailed. A conviction or acquittal of selling such intoxicating liquor
would not constitute a bar to subsequent prosecution for making
the same, and *vice versa,* because they are separate and distinct
offenses.

Section 6596, which is one of the sections of Article VII, Chapter
52, Revised Statutes 1919, provides that ''in any affidavit, informa-
tion or indictment *for the violation of this article,* separate offenses
may be united in separate counts and the defendant may be tried on
all of the separate offenses at one trial and the cumulative penalty
for each offense may be imposed by the courts.'' (Italics ours.) All
of the offenses defined in said Article VII are misdemeanors, and
Section 6596 specifically confines the right to join counts for sep-
arate offenses to those offenses defined by said Article VII.

It was not until 1923 that the General Assembly made certain acts
in violation of our prohibition laws felonies, which had theretofore
been misdemeanors only. Laws of 1923, pages 236 to 247, constitute
an act entirely separate and distinct from Article VII, Chapter 52,
Revised Statutes 1919, except that the latter act deals with a por-
tion of the general subject. That the 1923 Act and Article VII, Chap-
ter 52, were regarded by the Legislature as separate and distinct ap-
pears from Section 22 of the 1923 Act, wherein it is provided that
''any person convicted of any violation of the provisions of this act,
or any of the provisions of article 7, chapter 52, Revised Statutes of
Missouri 1919, and acts amendatory thereto, and wherein no different
punishment is fixed, shall,'' be punished, etc. Other particular ref-
erences are made in the 1923 Act to Article VII, Chapter 52, and cer-
tain sections of said article are expressly repealed. It cannot be
doubted that Article VII, Chapter 52, as modified by amendments
in 1921 and 1923, is now in full force and effect as a separate article,

save only as portions of it have been expressly repealed by the Act of 1923, or must be regarded as repealed by implication because of conflict with the 1923 Act.

For many years, as we have already shown, this court has been holding that a defendant cannot be convicted of two separate and distinct felonies under different counts in the same indictment or information, save only for the crimes of burglary and larceny. In enacting Article VII, Chapter 52, the Legislature evidenced its entire satisfaction with our said rulings, except as to the particular exception which it wrote into Section 6596, applying only to the misdemeanors defined in Article VII. There is nothing in Laws of 1923, pages 236 to 247, indicating the intention of the Legislature to change our rule concerning the propriety of convicting for separate and distinct felonies charged in different counts in the same indictment or information. With the exception of burglary and larceny, the Legislature has never authorized the conviction of a defendant at one trial of two or more separate and distinct felonies. We conclude, therefore, that the Legislature intended to make no exception to the prevailing rule in the trial of felonies defined in Laws of 1923, pages 236 to 247.

In at least three cases, to-wit, State v. Gatlin, 267 S. W. 797; State v. Richardson, 267 S. W. 841, and State v. Bennett, 270 S. W. 295, this court referred to Section 6596, Revised Statutes 1919, as statutory authority for holding that, in prosecutions for violation of Laws of 1923, pages 236 et seq., it is unnecessary to include in the indictment or information any defensive negative averments. That part of the section does not in words limit its application to violations of the particular article, which the sentence thereof authorizing the joinder of separate offenses does, as we have shown. Said section is merely declaratory of the law previously announced upon the necessity of negativing defensive matters which are not part of the crime as defined. No consideration was given by this court to the question of the application of Section 6596 to prosecutions for violations under the Laws of 1923, page 236.

In the case of State v. Griffith, 279 S. W. (Mo.) 135, defendant was convicted of the separate and distinct felonies of selling "hootch," "moonshine," "corn whiskey" and of possession of a still, etc., and was sentenced to serve two years in the penitentiary upon each count. Both offenses are felonies, under the Laws of 1923. The question of the propriety of the conviction of defendant for two separate and distinct felonies at the same trial and under separate counts in the same information was not discussed or considered. No reference to Section 6596 was made in the opinion. The Griffith case, therefore, is not authority supporting the propriety of a con-

viction for separate and distinct felonies under one information at the same trial.

We accordingly hold that the trial court erred in not requiring the State to elect to stand either upon the first or upon the second count of the indictment and further erred in giving to the jury Instruction 4A, which authorized the jury to convict appellant upon both count one and count three of the indictment.

It is unnecessary to notice any of the other assignments of error. For the error above pointed out, the judgment is reversed and the cause remanded for retrial. All concur.