THE STATE v. F. E. PRESSLAR, Appellant.

Division Two, December 20, 1926.

1. **ELECTION: Waiver: Four Separate Counts.** The question of election upon which count of an information charging different felonies the State will ask for a conviction is not a mere matter of form which may be waived, but is one of jurisdiction and power. Where the information contained four counts, each charging defendant with selling intoxicating liquor, two of them charging the sale of liquor on one day and the other two charging the sale of liquor on another day, a request by counsel in his motion for a new trial, to require the prosecuting attorney to elect upon which of the four counts he would proceed, after the jury had found defendant guilty on all four, cannot be disposed of by a holding that counsel at the outset of the trial based his request for an election on the ground that there was an affidavit to only one count, and having ascertained that there were two affidavits for each count withdrew his objection, and thereby waived his request for an election; but the judgment sentencing the defendant to imprisonment for eight years, in response to four separate verdicts finding him guilty under each count and assessing his punishment in each at two years' imprisonment, cannot stand. It was the absolute duty of the trial court, whether requested or not, to have directed the prosecuting attorney, before submitting the case to the jury, to elect upon which of the four counts he would proceed, and to strike out the remaining counts. It was further the imperative duty of the court, whether requested or not, and as a part of the State's case, to instruct the jury that they could find the defendant guilty only on the count submitted to them.

2. **INTOXICATING LIQUOR: Proof of Other Sales: Intent.** Evidence of sales of intoxicating whiskey by defendant other than the particular sale for which he is being prosecuted is not admissible. If a defendant sells moonshine whiskey he is guilty of a violation of the law regardless of his intent, and proof of other sales is not competent as showing intent.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1174, p. 605, n. 24, 25, 27; Section 2168, p. 860, n. 16, 17; Section 2169, p. 860, n. 20; Section 2460, p. 1027, n. 28; Section 2593, p. 1106, n. 16; Section 3030, p. 1280, n. 17; 17 C. J., Section 3480, p. 183, n. 50. **Indictments and Informations,** 31 C. J., Section 359, p. 790, n. 6. **Intoxicating Liquors,** 33 C. J., Section 221, p. 597, n. 72.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Hall & Bradley* and *L. R. Jones* for appellant.

(1)  It was error to require the defendant to go to the jury on four felony counts in one information.   (2)  The learned trial court erred in permitting the State to offer evidence of other and different offenses.  State v. Cox, 263 S. W. 215; State v. Finley, 275 S. W. 44; State v. White, 223 S. W. 683; State v. Stike, 139 Mo. App. 107.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1)   Defendant complains that the court did not require the prosecuting attorney to elect upon which count he would stand.   This would seem to be reversible error if the objection were properly raised, but defendant's counsel, after raising this point, not only failed to save an exception, but agreed to the action of the prosecuting attorney and the ruling of the court, thus waiving any right defendant might have had to object.   State v. Cantlin, 118 Mo. 100; State v. Allbright, 144 Mo. 642; State v. Vinso, 171 Mo. 591.   (2) The testimony about which complaint is made was offered for the purpose of contradicting a witness.   The testimony of sales, however, was not permitted to go to the jury, as that part of the testimony was stricken out by the court.   (3)   The other testimony about which defendant complains was offered in rebuttal for the purpose of contradicting the statement of the defendant that he "never sold no whiskey to anybody at any time."   The time was restricted to a period of one year next preceding the dates mentioned in the information, and such testimony was admissible under the charges.

RAILEY, C.—On February 21, 1925, the Prosecuting Attorney of Dunklin County, filed in the circuit court of said county, a verified information, in four counts, which, omitting formal parts, reads as follows:

"COUNT ONE.

"James V. Billings, Prosecuting Attorney within and for the County of Dunklin, in the State of Missouri, upon his oath of office as such prosecuting attorney, and upon his hereto appended oath, and upon his knowledge, information and belief, informs the court and charges that at the County of Dunklin, in the State of Missouri, on or about the 14th day of December, 1924, the defendant, F. E. Presslar, did unlawfully and feloniously sell 'moonshine,' 'corn whiskey,' to-wit: One-half pint, more or less, against the peace and dignity of the State.

"COUNT TWO.

"And this affiant aforesaid upon his said oaths as aforesaid and upon his knowledge, information and belief, informs the court and charges that at the County of Dunklin, in the State of Missouri, on or about the 14th day of December, 1924, the defendant, F. E. Presslar did unlawfully and feloniously sell 'moonshine' 'corn whiskey,' to-wit:   One-half pint, more or less, against the peace and dignity of the State.

"COUNT THREE.

"And this affiant aforesaid upon his said oath as aforesaid, and upon his knowledge, information and belief, informs the court and

316 Mo.—10.

charges that at the County of Dunklin, in the State of Missouri, on or about the 28th day of Nov., 1924, the defendant F. E. Presslar did unlawfully and feloniously sell 'moonshine' 'corn whiskey,' to-wit: One-half pint, more or less, against the peace and dignity of the State.

"Count Four.

"And this affiant aforesaid upon his said oaths as aforesaid, and upon his knowledge, information and belief, informs the court and charges that at the County of Dunklin, in the State of Missouri, on or about the 28th day of Nov., 1924, the defendant, F. E. Presslar, did unlawfully and feloniously sell 'moonshine' 'corn whiskey,' to-wit: One-half pint, more or less, against the peace and dignity of the State."

Defendant waived formal arraignment, and entered a plea of not guilty. He was tried before a jury in Stoddard County, on a change of venue and, on April 13, 1925, the following verdict was returned.

"We, the jury, find the defendant guilty as charged in Count No. One of the information, and assess his punishment at two years' imprisonment in the penitentiary.

"W. J. Vaughn, Foreman.

"We, the jury, find the defendant guilty as charged in Count No. Two of the information, and assess his punishment at two years' imprisonment in the penitentiary.

"W. J. Vaughn, Foreman.

"We, the jury, find the defendant guilty as charged in Count No. Three of the information, and assess his punishment at two years' imprisonment in the penitentiary.

"W. J. Vaughn, Foreman.

"We, the jury, find the defendant guilty as charged in Count No. Four of the information, and assess his punishment at two years' imprisonment in the penitentiary.

"W. J. Vaughn, Foreman."

On April 15, 1925, defendant filed motions for a new trial and in arrest of judgment. Both motions were overruled on said date. Thereafter, on the same day, allocution was granted, judgment rendered, sentence pronounced in conformity with said verdict, and an appeal allowed to this court.

The evidence of the State tends to show that R. L. Bradley and Luther Benfield stopped at the house of defendant in Dunklin County, about nine o'clock in the morning of November 28, 1924, bought from defendant two bottles of whiskey, and paid him one dollar for each bottle of same; that on December 14, 1924, R. L. Bradley and his brother, J. F. Bradley, each bought a half pint of whiskey from defendant at Jim Martin's store at Frisbee, in Dunklin County. Missouri, and paid him therefor. The first and second counts of the

information are based on the above sales of December 14, 1924. The third and fourth counts of the information are based on the sale made November 28, 1924. The State contended, and went to the jury on the four counts of information on the theory, that the sale on November 28, 1924, constituted two separate and distinct felonies and that the sale on December 14, 1924, also constituted two separate and distinct sales. The defendant denied on the witness stand that he sold whiskey to either of the parties aforesaid on November 28, 1924, or on December 14, 1924, or at any other time. He also offered evidence tending to show that he was at some other places when the sales occurred.

The evidence tends to show that the Bradley brothers were employed to make the above purchases in order to convict defendant of selling whiskey. The evidence likewise tends to show that the whiskey, or at least a part of same, was preserved and produced at the trial.

Other testimony was offered by the State and defendant which we have not thought it necessary to set out here.

The instructions, rulings of the court, and such other matters as may be deemed important, will be considered in the opinion.

I. We are met at the threshold of this case with the proposition, as to whether a judgment of conviction for four separate and distinct felonies, set out in four separate and distinct counts **Election.** of the information, can be sustained on the record before us. The eighth paragraph of the motion for a new trial asked that defendant be granted a new trial: ''Because the court erred in not requiring the prosecuting attorney to elect on which count of the information he would rely for conviction . . .''

Counsel for the State have this to. say of the above assignment: ''Defendant complains in assignment number eight that the court did not require the prosecuting attorney to elect upon which count he would stand. This would seem to be reversible error if the objection were properly raised, but defendant's counsel, after raising this point, not only failed to save an exception, but agreed to the action of the prosecuting attorney and the ruling of the court, thus waiving any right defendant might have had to object.''

Here is what occurred as shown by the record. Before Mr. Billings, the prosecuting attorney, made his opening statement to the jury, Mr. Bradley, of counsel for defendant, said to the court: ''At this time we would like to move that the prosecuting attorney be required to elect on which one of the counts of December 4th (14th)· he intends to rely, as there is no affidavit but for one.''

It is evident that Mr. Bradley was not aware of the fact that the State could be required to elect on each count of the information, as he stated here in the argument of the case, but he thought there

was only one affidavit as to the sale of December 14th, made by the prosecuting attorney, and was referring to this matter in what he said. The remaining conversation reads as follows:

"MR. BILLINGS: There is two affidavits for the 14th, two for the 28th, and two for the 25th.

"MR. BRADLEY: Well that's all right.

"THE COURT: The law governing this kind of case says you may combine several cases, and you don't have to elect."

It is evident that the court had in mind the question we are considering, but Mr. Bradley had in mind an entirely different subject as shown by the following:

"MR. BRADLEY: Yes, sir, it's all right; I was mistaken in my contention."

It would be doing violence to the language used, if we should hold that Mr. Bradley, in what he said, intended to confer jurisdiction on the court by way of waiver, and consent that four separate felonies might be submitted to the jury and separate verdicts returned on each count. It is manifest, that the court did not rely on what Mr. Bradley said in stating the law by which it was to be governed in respect to an election. In justice to all parties concerned, we think the matter should be disposed of as though counsel for appellant made no request of the court to require the prosecuting attorney to elect upon which of the four counts he would proceed, until the filing of the motion for a new trial as aforesaid. On the other hand, the court ruled, it was not required to order an election under the laws of this State. We hold, that under the rulings of this court, the question of election is not a mere matter of form, which may be waived as claimed by the State supra, but it involves a question of jurisdiction and power. This principle of law was announced with great clearness and force by Judge GANTT in the leading case of State v. Carragin, 210 Mo. l. c. 371, where he said:

"In instructing the jury that they might find the defendant guilty under both counts, and in refusing to require the prosecuting attorney to elect after all the evidence was in, the court committed reversible error. We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny, which is expressly allowed by statute."

The law, as above written is fully sustained by other decisions of this court, as follows: State v. Guye, 299 Mo. l. c. 366; State v. Link, 286 S. W. 12.

We have no hesitation in holding that, on the record before us, the judgment of conviction in which defendant has been sentenced to the penitentiary for eight years on four separate and distinct felonies, set out in four separate counts of the information, cannot

stand the test of judicial criticism under the laws of this State. We are of the opinion, that it was the absolute duty of the trial court in this case, *whether requested or not,* to have directed the prosecuting attorney, *before submitting the case to the jury,* to elect on which of the four counts in the information he would proceed to trial, and to strike out the remainder. In addition to foregoing, *as a part of the State's case,* whether requested or not, it was the imperative duty of the court to *instruct* the jury that they could not find the defendant guilty, except on the single count submitted for their consideration. [State v. Burrell, 298 Mo. l. c. 678-9, and cases cited.]

The foregoing conclusion necessitates the reversing and remanding of the cause.

II.    The trial court is charged with error in permitting the State to offer evidence in regard to other alleged sales of whiskey for which he was not being prosecuted.

**Other Sales.**    The latest utterance of this court on the subject is found in the case of State v. Fenley, 275 S. W. 44, where defendant was charged with transporting intoxicating liquor. Judge WALKER, speaking for this Division, in which all the judges concurred, said: "Where, however, the facts are such that the defendant was bound to know the nature and character of his act, as he was in this case, proof of other offenses is not admissible to show intent." The case was accordingly reversed and remanded on account of the admission of said evidence. In this class of cases, the question of intent is not material. If defendant sells moonshine whiskey he is guilty of a violation of the 1923 prohibition law, regardless of his intent. The above evidence complained of should have been excluded by the court.

The ruling in above quoted authority is supported by a long line of cases in this State, some of which are as follows: State v. Cox, 263 S. W. 215; State v. Patterson, 271 Mo. 110, and cases cited; State v. Banks, 258 Mo. 493; State v. Wellman, 253 Mo. 314-15; State v. Teeter, 239 Mo. 485; State v. Hyde, 234 Mo. 224; State v. Boatright, 182 Mo. 51; State v. Spray, 174 Mo. 569.

III.    Appellant in his brief has set out twenty alleged assignments of error, and fourteen propositions under his "Points and Authorities." Neither the assignments of error nor the "Points and Authorities" refer to the page of the record where any of the matters mentioned can be found, nor is any part of the court's ruling or the matters complained of set out so we can review the same without searching the record to find it. We have repeatedly held that it is not the province of this court to wade through a record of 150 pages like the one before us, hunting for alleged errors. [State v. Holden, 203 Mo. 584; State v. Whitsett, 232 Mo. 529; Christine

v. Luyties, 280 Mo. 431; Hayes v. McLaughlin, 217 S. W. 263; State v. Stenzel, 220 S. W. 884; Nevins v. Gilliland, 290 Mo. 300-301; School District v. Phoenix Land & Imp. Co., 297 Mo. 344; State v. Yates, 252 S. W. 644; Barnett v. Hastain, 256 S. W. 753.]

In view of the numerous rulings of this court, as indicated in the authorities supra, we decline to search further for alleged errors not called to our attention.

IV. On a re-trial of the case, it will be necessary for the court to require the prosecuting attorney to elect on which one of the four counts he will proceed to trial, and to dismiss the remainder. It is probable that none of the matters complained of, not heretofore considered, will arise in the re-trial of the case.

On account of the errors heretofore pointed out, the cause is reversed and remanded, to be proceeded with, in conformity with the views herein expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. *Walker, P. J.,* concurs; *Blair, J.,* concurs in the result; *White, J.,* concurs in the result and in all except Paragraph 3.