**STATE of Missouri, Respondent,**

v.

**Doris TERRY, Appellant.**

No. 47162.

Supreme Court of Missouri,
Division No. 1.
June 8, 1959.

Wayne W. Waldo, Waynesville, for appellant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Doris Terry was convicted of burglary in the first degree and of forcible rape and sentenced in accordance with the jury's separate verdicts to five years in the penitentiary for each crime. Defendant appealed but has filed no brief. We, therefore, shall rule the 25 assignments of error in his motion for new trial.

**3**

Prior to a consideration of those assignments, however, we examine a matter which relates to the validity of the jury's verdicts which found defendant guilty of two separate and distinct felonies and on each of which defendant was sentenced to five years in the penitentiary.

The information upon which defendant was tried was:

"Arthur B. Cohn, Prosecuting Attorney of Pulaski County, Missouri, being duly sworn upon his oath states and informs the court that on the 29th day of March, 1958, in said County of Pulaski, State of Missouri, the defendant, Doris Terry, did then and there with specific criminal intent, wilfully, intentionally, unlawfully, maliciously, deliberately, feloniously on purpose and of his malice aforethought

"Count I

Break and enter the dwelling house of Lettie Varner at which time the said Lettie Varner being therein with the intent to commit a felony, by raping or attempting to rape the said Lettie Varner, by forcibley bursting and breaking the outer door of said dwelling house and the bolt thereof; and did

"Count II

rape the said Lettie Varner by forcibly ravishing the said Lettie Varner, by taking his private parts and penetrating the private parts of the said Lettie Varner without her consent, contrary to the form of statute in such cases made and provided and against the peace and dignity of the State of Missouri."

As authorized by the court's instructions, the jury returned two verdicts, which were:

"We, the jury, find the defendant guilty of burglary in the first degree and assess his punishment at imprisonment in the State Penitentiary for a term of *five* years."

"We, the jury, find the defendant guilty of rape, as charged in the second count of the Information, and assess his punishment at imprisonment in the State Penitentiary for a term of *five* years."

■■■ Thereafter the court sentenced defendant to the penitentiary for five years on each conviction with no provision that the sentences run concurrently. We need not decide whether the crimes of first-degree burglary and forcible rape ever may be properly charged in the same indictment or information. See, however, State v. Link, 315 Mo. 192, 286 S.W. 12; State v. Christian, 253 Mo. 382, 392, 161 S.W. 736, 739. The fact is that defendant did not attack the instant information either prior to, during, or subsequent to trial. It is the law that the joinder of distinct felonies does not render the indictment or information in which they are joined bad as a matter of law. State v. Gholson, Mo., 292 S.W. 27, 28 [2–5]. Thus any question as to the validity of the information in so far as concerns the joinder therein of distinct felonies was resolved by defendant's failure to have raised that question.

■■■ Our present concern is with the fact that defendant was convicted at the same trial of two distinct felonies. The established rule in this state is that a defendant may not properly be convicted at the same trial of two distinct felonies except in those instances specifically provided for by statute. RSMo 1949 § 560.110, V.A.M.S. See also 42 V.A.M.S. Supreme Court Rule 24.04. State v. Preslar, 316 Mo. 144, 290 S.W. 142; State v. Gholson, supra, 292 S.W. 27, 28 [2–5]; State v. Link, supra, 286 S.W. 12, 14 [3]; State v. Brown, 317 Mo. 361, 365, 296 S.W. 125, 126 [3, 4]; State v. Collins, 297 Mo. 257, 266, 248 S.W. 599, 602; State v. Guye, 299 Mo. 348, 366, 252 S.W. 955, 959 [3, 4]; State v. Carragin, 210 Mo. 351, 369, 109 S.W. 553, 558, 16 L.R.A.,N.S., 561; State v. Morelock, Mo., 291 S.W. 1078; State v. Murphy, 320 Mo. 219, 6 S.W.2d 877, 880 [6]; State v. Brugioni, 320 Mo. 202, 7 S.W.2d 262, 263 [5, 6]; State v. Gant, Mo., 33 S.W.2d 970, 971 [1, 2].

In State v. Carragin, supra, at 109 S.W. 558, the court said: "We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny which is expressly allowed by statute." In State v. Preslar, supra, there was an information in four counts each charging defendant with the sale of moonshine and corn whiskey on a different date. Defendant was convicted and separately sentenced on each count. The court said, at 290 S.W. 144:

"We have no hesitation in holding that, on the record before us, the judgment of conviction in which defendant has been sentenced to the penitentiary for 8 years on four separate and distinct felonies, set out in four separate counts of the information, cannot stand the test of judicial criticism, under the laws of this state. We are of the opinion that it was the absolute duty of the trial court in this case, whether requested or not, to have directed the prosecuting attorney, before submitting the case to the jury, to elect on which of the four counts in the information he would proceed to trial and to strike out the remainder. In addition to foregoing, as a part of the state's case, whether requested or not, it was the imperative duty of the court to instruct the jury that they could not find the defendant guilty except on the single count submitted for their consideration. State v. Burrell, 298 Mo. 672, loc. cit. 678, 679, 252 S.W. 709, and cases cited.

"The foregoing conclusion necessitates the reversing and remanding of the cause."

It seems clear from the opinions in some of the cases heretofore cited that in certain situations, depending upon what particular crimes are joined, a motion to elect should be sustained in advance of the adduction of evidence, State v. Brugioni, supra; while

in other instances a motion to elect should be sustained prior to submission to the jury or the trial court should instruct the jury that it may find defendant guilty under either of the counts submitted to it but not under both, State v. Carragin, supra. But in all the cases we have examined it specifically appears or is a reasonable inference from the opinion as a whole that there had been an objection in the trial court in the form of a motion to quash or to elect or to instruct the jury in a certain manner, and that the failure of the trial court to act as requested was assigned as error in a motion for new trial. Thus, in State v. Preslar, supra, which holds that it is the imperative duty of the trial court, whether or not requested, to instruct the jury that it may not find defendant guilty of both felonies submitted, the failure of the trial court to so do was assigned as error in defendant's motion for new trial.

In State v. Collins, supra, 248 S.W. 602 [5], the court indicates that the reason for the Missouri rule that a defendant may not be convicted at the same trial of two distinct felonies is to relieve the defendant from the necessity of meeting the charge of two separate and distinct offenses at the same time. While Supreme Court Rule 24.04 provides specifically for those felonies which may be joined in the same indictment or information, and RSMo 1949 Section 560.110, V.A.M.S., prescribes the felonies for which a defendant may be convicted at the same trial, still the impropriety of joining other distinct felonies in the same charging instrument must be raised by some sort of an objection on the part of defendant. And there is no *express* prohibition either against joining distinct felonies in the same information or indictment or against the conviction of a defendant at the same trial of two or more distinct felonies. Further, it seems clear that instant defendant could have been properly charged with the crime of first-degree burglary in one information and with the crime of forcible rape in another information, and that separate trials could have resulted

in a conviction for each felony, and, if so, a separate sentence properly imposed for each.

Thus, inasmuch as there is no express prohibition against the conviction of a defendant of two distinct felonies at the same trial, and inasmuch as there appears to be no reason for the established rule in Missouri which should prevent a waiver of that rule, and inasmuch, as heretofore noted, an information or indictment in which are joined two distinct felonies is not bad as a matter of law, we are of the view that a defendant's failure to assign as error in his motion for new trial the action or inaction of the trial court which resulted in his conviction of two distinct felonies at the same trial, effects a waiver of his right to rely on the rule in question. In other words, if a defendant *prefers* that two distinct felonies with which he is to be charged be joined in one information, and if he *prefers* that he be tried on both those charges at one and the same trial, we perceive no reason why he may not so elect. We hold, therefore, that a defendant's failure to raise any question in his motion for new trial about the fact that or the procedure whereby he was convicted of two distinct felonies at the same trial and separately sentenced for each, should have the same effect as though defendant had specifically elected to be tried on both felonies at the same time.

■ Assignments 1 and 2 in defendant's new trial motion are that the trial court erred in overruling defendant's separate motions for judgments of acquittal on counts 1 and 2 at the close of the state's evidence. Defendant waived his right to make that contention here by introducing evidence in his own behalf in the trial court. State v. Harris, Mo., 295 S.W.2d 94, 95 [1].

■ Assignments 3 and 4 are that the trial court erred in overruling defendant's separate motions for judgments of acquittal at the close of all the evidence. The evidence on behalf of the state tended to

prove that on March 29, 1958, prosecutrix, a widow 77 years of age, lived alone in a 3-room house in Pulaski County; that she retired about 11 p. m. on March 28, and that thereafter, about one or two o'clock in the morning of the 29th, her son and his wife and children visited her for about 30 minutes; that when they left her son jerked the front outer door closed and she saw that the Yale lock on that door locked; that about three that same morning she was awakened by a noise at that front outer door, and shortly thereafter defendant came through that door, without her consent, and into the room where she was in bed; that defendant, against her consent and will, forcibly raped her. Medical evidence as to the result of a vaginal examination made on prosecutrix on the day of the alleged crime showed that prosecutrix had recently had sexual intercourse.

RSMo 1949 Section 560.040, V.A.M.S., provides in part that: "Every person who shall be convicted of breaking into and entering the dwelling house of another, in which there shall be at the time some human being, with intent to commit some felony or any larceny therein, either: First, by forcibly bursting or breaking the wall or outer door, window or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter; * * * or third, by unlocking an outer door by means of false keys, or by picking the lock thereof, shall be adjudged guilty of burglary in the first degree.".

While the evidence that defendant forcibly broke an outer door or its lock, as charged in the information, was not as satisfactory as it might have been, and while that evidence did not negative the hypothesis that entry might have been effected by unlocking that door with a false key or by picking the lock thereof (the method of entry proscribed under "third" in the statute quoted above), we are, nevertheless, of the opinion that prosecutrix' testimony that the outer door of her dwelling house was locked, that a noise at that front door awakened her, and that there-after defendant came into the room through that door, was substantial evidence sufficient to support a reasonable finding that defendant broke the outer door or the lock thereon. Certainly the fact that defendant intended to commit a felony when he broke in was sufficiently proved. It is apparent, therefore, that the trial court did not err in denying defendant's motion for judgment of acquittal on count 1.

RSMo 1949 Section 559.260, V.A.M.S., provides, inter alia, that rape consists of "forcibly ravishing any woman of the age of sixteen years or upward, * * *." Prosecutrix' testimony, corroborated to some extent by the medical evidence, was sufficient to establish each element of the offense. Prosecutrix, 77, said in effect that she physically resisted, that she did not consent, and that defendant by force and against her will succeeded in having sexual intercourse with her. The trial court properly denied defendant's motion for judgment of acquittal on count 2.

■ New trial assignments 10 and 11 charged that the trial court erred in failing to dismiss counts 1 and 2 respectively for the reason that neither stated "an offense under the laws of the State of Missouri." We have heretofore set forth the information and, in connection with our holding that the state made a submissible case on each count, have pointed out the necessary elements of each of the offenses charged. It is apparent from what we have said that the information (apart from any questions, not here pertinent, as to the propriety of joining the charges of the two offenses in the same information and, if proper, whether each count should have been complete within itself) is a plain, concise and definite written statement of the essential facts constituting the respective offenses charged. S.C. Rule 24.01. Thus, the motions to dismiss filed at the close of the state's evidence were properly overruled.

■ New trial assignment 12 is that the trial court erred in admitting into evidence

state's exhibit 1 which was the "slip" which prosecutrix wore at the time of the alleged offense. Prosecutrix testified that a tear in the slip was caused by the action of defendant and that the garment had been in her continuous possession to trial time. The only objection at the trial was that it had not been shown that the "slip" was in the same condition as it was at the time of the offense. It is apparent there was no merit in that objection in view of prosecutrix' testimony which supported a reasonable inference that the "slip" at the trial was in the same condition as it was when defendant had completed the alleged rape. The new trial assignment, in so far as it is specific enough to preserve any matter for appellate review, charges that no proper foundation was laid for the exhibit's admission into evidence. That contention is obviously without merit in view of prosecutrix' testimony heretofore noted.

Assignment 13 is that the court erred in admitting the testimony of a doctor on the ground that he was not qualified to testify as a medical expert generally or specifically concerning a vaginal test he made of prosecutrix. The doctor testified that he had graduated from a reputable college of osteopathy and surgery, had been licensed to practice in Missouri since 1953, and had practiced continuously since that time; that he had studied gynecology and, in connection therewith, had had a laboratory course in bacteriology which dealt with making tests similar to the one involved. Whether a particular witness whose expert opinion is proffered is qualified to form and have an opinion which has probative value as evidence is a matter within the discretion of the trial court. Wild v. Pitcairn, 347 Mo. 915, 149 S.W.2d 800[4, 5]; Minor v. Lillard, Mo., 306 S.W.2d 541, 546[5, 6]. In view of instant doctor's statements as to the matters bearing upon his qualifications, we hold that the trial court did not abuse its discretion in admitting the doctor's testimony.

New trial assignments 14 and 15 charge the trial court with error in having

admitted the testimony of three named witnesses. The record shows that there was no objection, motion, or request made in connection with the testimony of any of those witnesses at the time it was given (save one objection which was sustained), and consequently no question with respect to the admissibility of their testimony has been preserved for our review. State v. Thomas, Mo., 309 S.W.2d 607, 610[6].

New trial assignment 16 is that the trial court erred in giving instruction S–1–G (submitting burglary) for the reasons that there was no evidence to show that any breaking was against the will of prosecutrix, that there was no evidence that there was a lawful occupant of the dwelling house, no showing of the location of the dwelling house, and no evidence that there was an outer door of the dwelling house. The record, however, shows that there was evidence of each matter. Other reasons assigned in 16, viz., that portions of the instruction there set forth constituted improper statements of the law applicable to the case, are not sufficiently definite to preserve any question for appellate review. State v. Mayberry, Mo., 272 S.W.2d 236, 242[17]. Further reasons in assignment 16, viz., that the portions of the instruction set forth were not supported by the evidence, are without merit. That every essential element hypothesized in the instruction was supported by evidence has been ruled by our holding that a submissible case on burglary was made. The last reason asserted, viz., that the instruction did not "properly charge the requisite intent," is without merit because the instruction specifically hypothesized a finding of defendant's felonious intent.

New trial assignment 18 is that the court erred in giving instruction S–2–G for the reasons that there was no evidence to show that prosecutrix was a female or that defendant's acts in committing the rape were against her will. Those contentions are invalid. There was evidence that prosecutrix was a female and, as noted heretofore, there was evidence that de-

fendant's acts were against her will. The remaining portions of assignment 18 charging that the "instruction is a departure from the Count II of the information * * * does not properly state the law applicable to this case and * * * does not properly state the law regarding the lack of consent necessary to constitute the charge of rape" are not specific enough to preserve any matter for appellate review. State v. Frazier, 339 Mo. 966, 98 S.W.2d 707, 714[13].

New trial assignment 23 is that the trial court erred in failing to give an instruction on the reputation of the prosecutrix. There was no evidence concerning the reputation of prosecutrix and there was no request for an instruction concerning that matter. Consequently, the trial court did not err in failing to instruct on that subject. Assignment 24 is that the trial court erred in failing to instruct on the reputation of defendant. There was no evidence as to the good character or reputation of defendant and, consequently, the trial court was not required to instruct on that subject. Supreme Court Rule 26.02(6) provides that the court shall include an instruction on good character as part of the law of the case "when necessary." That means when there is evidence on the subject. State v. Fowler, Mo., 189 S.W.2d 549, 550; State v. Moore, Mo., 303 S.W.2d 60, 70[14].

The following assignments in defendant's motion for new trial are too general to comply with the provisions of Supreme Court Rule 27.20 requiring that the specific grounds or causes for a new trial must be set forth in detail and with particularity and, consequently, are insufficient to preserve any of the matters mentioned for appellate review:

"5. The verdict of the jury is against the weight of the evidence. 6. The verdict of the jury is against the law and the evidence and the law under the evidence." State v. Knox, Mo., 320 S.W.2d 592[1].

"7. The Court erred in admitting irrelevant, incompetent and immaterial evidence offered on behalf of the Plaintiff, over the objection of the Defendant. 8. The Court erred in admitting inflam[m]atory and prejudicial evidence offered on behalf of Plaintiff over the objection of the Defendant. 9. The Court erred in excluding relevant, competent and material evidence offered on behalf of the Defendant." State v. Burks, Mo., 257 S.W.2d 919, 920[1].

"17. The Court erred in giving the instruction S–1–G on behalf of the State for the reason that said instruction is confusing, misleading, ambiguous and erronious. 19. The Court erred in giving the instruction S–2–G on behalf of the State for the reason that said instruction is confusing, misleading, ambiguous and erronious." State v. Jordan, Mo., 235 S.W.2d 379, 383[7, 8].

"20. The Court erred in giving instruction S–3–G given on behalf of Plaintiff for the reason that said instruction does not properly state the law applicable to this case concerning reasonable doubt." State v. Frazier, supra, 98 S.W.2d 714[13].

"21. The Court erred in giving instruction S–4–G for the reason that said instruction does not properly state the law applicable in this case concerning the witness' testimony and particularly because said instruction does not take into consideration the conflict in the testimony of the prosecution witness, Lettie Varner." (The conflicts referred to are not specified and defendant did not offer an instruction on credibility to supplement the one given by the court.) State v. Mayberry, supra, 272 S.W.2d 242[17], 243 [22].

"22. Defendant objects to the giving of the instruction D–A–G given by the Court on behalf of the Defendant

for the reason that said instruction does not properly state the law applicable to this case." State v. Swindell, Mo., 271 S.W.2d 533, 537.

"25. The Court erred in giving the instructions S–1–G, S–2–G, S–3–G, S–4–G and D–A–G when read together in their entirety for the reason that said instructions are conflicting and confusing and misleading and do not properly state the law applicable to this case." State v. Barbata, 336 Mo. 362, 80 S.W.2d 865, 875[2, 3].

We have examined those matters which need not be preserved or presented for appellate review and find no error therein prejudicial to defendant.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.