**STATE of Missouri, Respondent,**

v.

**Willie Chester TURNER, Appellant.**

**No. 55014.**

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

James J. Amelung, Ronald C. Willenbrock, Holtkamp & Amelung, St. Louis, for appellant.

FINCH, Judge.

Defendant appeals from a judgment sentencing him to imprisonment for five years

which was imposed by the trial judge after a jury found defendant guilty of burglary in the second degree. The defendant was prosecuted under an indictment which charged him under the Habitual Criminal Act with burglary of a beauty shop with intent to steal articles kept therein and with burglariously stealing specified articles from the shop. At the close of all the testimony, the prosecuting attorney nolle prossed the charge of stealing and only the charge of burglary was submitted to the jury.

The Fran-Del Beauty Salon is located at 1722 Franklin in the City of St. Louis. The front entrance and adjoining windows of the salon were protected by a wire mesh gate which was fastened with a padlock. These were locked when the shop closed during the evening of April 15, 1969.

Early on the morning of April 16, two police officers responded to a call indicating that a burglary was occurring at the above location. When the police car approached the beauty shop, the officers therein observed three negroes emerging from a broken front window of the beauty shop. When the men saw the police car, they ran into an areaway between the beauty shop and an adjoining restaurant. Officer Bayless, who was driving the patrol car, jumped out and caught one of the men just a few feet into the areaway. The one he caught at that point was the third person seen emerging from the broken window as the car drove up. This person, who was the defendant, was carrying a paper shopping bag which he threw away as he was being apprehended. Defendant was never out of the sight of Officer Bayless from the moment he first was observed coming out of the broken window until he was apprehended. The paper bag which defendant had been carrying contained items such as clippers, ladies' hair pieces, curlers, etc., which were identified as having been taken from the beauty shop.

Defendant presents two questions on this appeal, the first of which involves the admission into evidence of two exhibits. Exhibit 4 was a tire tool which was found by the officers on the sidewalk adjacent to the broken store window. Exhibit 5 was part of a broken padlock which was found in the pocket of the defendant when he was apprehended. The complaint asserted by the defendant is that the tire tool was not identified with the defendant or the alleged crime in any way and that the part of a padlock was not identified as being the property of the victim or connected in any way with the crime.

The tire tool did not belong to the owner of the beauty shop and did not come from the shop. Of course, there was no testimony that anyone saw the defendant in possession of or using the tire tool, but it was found on the sidewalk immediately adjacent to where the store window had been broken and where the padlock had been forced or broken in order to open the wire mesh gate. With reference to the part of the padlock, the owner of the beauty shop testified that it was similar to the padlock with which the wire mesh gate had been locked.

Both of these exhibits were admitted into evidence without objection. Only after the jury had retired for its deliberations was the question raised and an objection to the receipt of these exhibits in evidence made. That, of course, was too late and was properly overruled. On motion for new trial and on this appeal, defendant asks us to consider the question as plain error under Supreme Court Rule 27.20(c), V.A.M.R. We find no merit in this contention and we decline to consider the question as plain error. State v. Worley, Mo., 353 S.W.2d 589; State v. Burnett, Mo., 429 S.W.2d 239.

The second contention by defendant is that by nolle prossing the charge of stealing, the state was permitted to amend a grand jury indictment, which it has no power to do, citing State v. Holbert, Mo. App., 399 S.W.2d 142. Actually, what occurred was not an amendment of the in-

dictment such as occurred in Holbert. Here, the prosecuting attorney simply concluded to nolle pross the charge of stealing, which he had a right to do. State ex inf. Dalton v. Moody, Mo., 325 S.W.2d 21. This action was beneficial rather than detrimental to the defendant because it meant that he could be convicted and sentenced on only one charge instead of two... At the defendant's request, the trial court gave Instruction 1–A which told the jury that the charge of stealing had been withdrawn and that they should not consider it in arriving at their verdict.

The judgment is affirmed.

All of the Judges concur.