STATE of Missouri, Respondent,

v.

Louis E. SERNA, Appellant.

No. KCD 26971.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Charles W. Franklin, Asst. Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Donald R. Bird, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special JJ.

SWOFFORD, Presiding Judge.

Appellant was convicted by a jury of sales of a controlled substance under a two-count Information and was sentenced by the court, under the Second Offender Act, to 25 years on the first count and five years on the second count, such sentences to run consecutively.

The only point raised on this appeal is that the trial court erred in not requiring the state to elect which of the two counts charged would be submitted to the jury.

The state offered evidence from a member of the Kansas City, Missouri Police Department on special assignment as an undercover agent for the Drug Enforcement Administration, a federal agency; a special agent with the Department of Jus-

tice, Drug Enforcement Administration; a member of the Columbia, Missouri Police Department; and a forensic chemist employed by the United States Department of Justice. For the purposes of this appeal, it will suffice to state that the testimony of the witnesses and the exhibits offered by the state established facts from which the jury could find that the undercover agent made two separate purchases of heroin from the defendant at Columbia, Missouri on April 12 and April 24, 1973, with which the defendant was charged in separate counts in a substitute information filed by the prosecutor of Boone County, Missouri on July 5, 1973. This information also set forth facts alleging that the defendant had previously been convicted for the illegal possession of a narcotic drug (heroin) in Travis County, Texas on June 12, 1967; was sentenced on that charge for an indeterminate term of not less than two years nor more than three years, and was imprisoned therefor. Proof of this Texas conviction was presented to and received by the court below, which made the Second Offender Act clearly applicable.

The defendant did not testify nor did he offer any evidence at the trial. The court gave separate verdict directing instructions as to the alleged sale of April 12, 1973 (Count I of the Information), and of April 24, 1973 (Count II of the Information) and the jury returned separate verdicts of guilty on each, resulting in the sentences above noted.

■ In the defendant's motion for a new trial, for the first time in the trial court, he raised the point now relied upon in this appeal. The basis of his claim of error is that the two charges or counts in the information were not such as could be properly joined under present Rule 24.04, as amended December 7, 1970, effective July 1, 1971, which now permits such joinder of those offenses "which are based on the same act

or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan." Such amendment to Rule 24.04 did indeed place in force new procedural principles with reference to charging criminal offenses and vastly broadened the areas of permissible joinder in the charging document—areas not yet clearly defined by decisional law.[1] But such amended Rule 24.04 does not in terms or by reasonable interpretation relieve the defendant who asserts an improper joinder of offenses, from the obligations theretofore imposed upon him to preserve such claimed error, nor does it place any added burden upon the trial court to act on its own initiative. The obligations upon the defendant and the court remain the same as those heretofore imposed by clear and definitive decisional law.

■ Stated more specifically, if defendant claims an improper joinder of felony charges under either the old or amended rule, he must assert such objection in the trial court in the form of a motion to quash or to elect or request for jury instructions, or other relief, *and* assert the failure of the court to act in the manner requested as an error in his motion for a new trial. Otherwise, the right to present such alleged error on appeal is waived. *State v. Terry,* 325 S.W.2d 1, 4, 5[1, 2, 4, 5] (Mo.1959); *State v. Huffer,* 424 S.W.2d 776, 780[8, 9, 10] (Mo. App.1968); *State v. Frankum,* 425 S.W.2d 183, 189[16] (Mo.1968); *State v. Phelps,* 478 S.W.2d 304, 307[4] (Mo.1972). As was succinctly stated in *State v. Walker,* 484 S.W.2d 284, 286[3] (Mo.1972):

"* * * accused cannot complain of a failure of the prosecution to elect where he has made no request for an election * * *".

■ In the case at bar, the defendant made no request before or during the trial that the information, evidence or submis-

---

1. Note the case of *State of Missouri v. Lawrence Baker,* 524 S.W.2d 122, (Mo. banc, decided June 9, 1975).

sion be restricted to one of the two offenses with which he stood charged or for any other relief consonant with the position assumed by him in his motion for a new trial and here. The record does not disclose why he followed this course and no criticism is leveled at him or his counsel for not doing so. Trial strategy or other valid reasons undoubtedly dictated such decision. As the court said in *State v. Terry*, 325 S.W.2d 1, at l.c. 5[5]:

" * * * In other words, if a defendant *prefers* that two distinct felonies with which he is to be charged be joined in one information, and if he *prefers* that he be tried on both those charges at one and the same trial, we perceive no reason why he may not so elect. * * * " (Emphasis the *Terry* court's)

Nothing herein contained is to be considered an expression of the propriety or impropriety of the joinder here involved under Rule 24.04. That problem is not reached.

For the reasons herein stated, the judgment is affirmed.

All concur.