**STATE of Missouri, Respondent,**

v.

**Richard Louis LARABEE, Appellant.**

**Nos. KCD 29267 and KCD 29318.**

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

William J. Roberts, Clinton, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before WELBORN, Special Judge, Presiding, HIGGINS, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

Appellant was convicted by the verdict of a jury of burglary and attempted stealing. Thereafter, the state entered a nolle prosequi as to the attempted stealing. Upon a finding that appellant was a second offender, the court sentenced him to 10 years imprisonment in the Department of Corrections upon the conviction of burglary alone.

The submissibility of the evidence to support the conviction for burglary is not directly questioned. That evidence was such that the jury could reasonably find the completed crime of burglary of the building of Cole Camp, Missouri, Producers Exchange. Its' manager locked the building at about 5:00 p.m. the evening before the occurrence. At about 5:00 a.m. on November 18, 1975, Cole Camp's deputy marshal, Doty, observed someone within the Exchange, and on further investigation discovered appellant crawling out of its door on his hands and knees, and arrested him. The door facing was splintered and all the other doors were locked. Doty found two large screwdrivers, a nail bar and several plastic bags at the corner of a bench to the east of the door at the front of the store.

Appellant's first point is that the trial court erred in refusing to grant a motion for judgment of acquittal because the first amended information improperly joined the offenses of burglary and attempted stealing. The amended information did join the charged burglary with the attempt in these words: "[Appellant] did then and there feloniously and burglariously attempt to steal, take and carry away: cigarettes, the personal property of Cole Camp Producers Exchange, a Missouri non-profit and marketing association, with the felonious intent then and there to deprive the owner of the use thereof and to convert the same to his own use. * * *." § 560.110 1, RSMo 1969, provides that "If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, * * *." That statute says nothing about the joinder of a charge of *attempted* stealing with one of burglary. The charge of attempted stealing is a distinct felony not authorized by statute to be joined, and it is doubtful that Rule 24.04 authorizes the joinder as being based "on the same act or on two or more acts which are part of the same transaction * * *." In any event, however, appellant made no objection in the trial court in the form of a motion to quash or to elect or request jury instructions. See the discussion in *State v. Terry,* 325 S.W.2d 1, 4[3–5], et seq. (Mo.1959), as to the necessity of such a motion, or at least to assign the matter of error in joinder of offenses in the motion for new trial as was done in the there cited and quoted case of *State v. Preslar,* 316 Mo. 144, 290 S.W. 142 (1926). See also *State v. Frankum,* 425 S.W.2d 183 (Mo.1968); and *State v. Serna,* 526 S.W.2d 66, 67[2] (Mo.App.1975), holding that the failure so to move is a waiver of the right to present the alleged error on appeal. The motion for new trial here asserts merely that the court erred in overruling appellant's motion for *judgment of acquittal* because (§ 560.110) "does not permit the prosecution of a defendant simultaneously for the offenses of burglary and attempted stealing as was done by the state in its amended information * * *." That motion, being for a judgment of acquittal, does not present a question of improper joinder of offenses.

But what is curative of any error in joining the charge of burglary with the charge of attempted stealing (regardless of whether preserved for purposes of review), is that after the verdict, the state entered its nolle prosequi of the charge of attempted stealing. Appellant was sentenced only upon the burglary charge, the conviction for which is abundantly supported by the record. This rendered the improper joinder nonprejudicial. *State v. Turner,* 458 S.W.2d 280, 281[3] (Mo.1970).

Appellant attacks various instructions. There were no objections to instruc-

tions in the motion for new trial as required by Rule 20.03, and none were made at trial prior to the time instructions were given. Consideration of the instructions by this court are therefore waived. *State v. Jackson,* 536 S.W.2d 917, 919[3] (Mo.App.1976).

The judgment is affirmed.

All concur.