**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Walter McGEE, Defendant-Appellant.**

**No. 11214.**

Missouri Court of Appeals,
Southern District,
En Banc.

Jan. 10, 1980.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Albert A. Crump, Jr., Rolla, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from convictions of burglary and stealing. He was sentenced to consecutive terms of two years on both charges.

Defendant presents two points for our review: 1. that there was insufficient evidence to show that defendant broke into the house from which the goods were taken, and 2. that an instruction was erroneous as the evidence did not show that the items listed in the instruction were the same items that were taken from the house.

On the morning of October 6, 1977, Earl and Fannie Potts left their residence near Cabool in Texas County, Missouri, to go to Arizona. When they left, their house was locked and there was no broken glass in any of the doors. Later that day entry to the house was gained by breaking glass in a door and reaching inside and opening the door lock. Glass was scattered on the floor near the door. Their garage was entered in a like manner. Defendant was a passenger in a van which was discovered by the highway patrol stopped along a highway three-eighths to one-half mile from the house. The driver testified that the steering wheel of the van was wobbling and they pulled over alongside the road. Before the van stopped, defendant had told the driver "let's stop and make some money". Defendant got out of the passenger's side. The driver checked the truck and when he got back in, defendant wasn't there. He saw that defendant had gone in the vicinity of the Potts' house and he went there. Glass in a door at the side of the house was broken and defendant was in the house "standing over the top of a sheet full of stuff." Defendant carried the sheet to the van and then the driver and defendant carried out the television. The Potts did not know defendant and he did not have permission to enter their house. Numerous items found in the van were identified as having been taken from the house.

Defendant's first point contends that there was no evidence that he broke into the house. In determining if the evidence is sufficient to support the charge, the evidence and all reasonable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App. 1979); *State v. Sherrill*, 496 S.W.2d 321, 323 (Mo.App.1973). Although any fact can be established by circumstantial evidence, the circumstances must be such as are inconsistent with the defendant's innocence, but need not be absolutely conclusive of guilt. *State v. Buffington*, supra, 588 S.W.2d at 514. The house was locked and there was no broken glass that morning. Defendant wanted to stop and make some money. He went to the house, entered without permission, and took numerous items not his. Two entry doors were broken. He was in the vehicle which contained the items taken, a short distance from the house, when apprehended. "Some circumstantial evidence is very strong, as when you find a trout in the milk." Henry David Thoreau, *Journal*, Nov. 11, 1854. Evidence of a forcible entry coupled with defendant's presence inside a building is sufficient to support a charge of burglary. *State v. Johnson*, 533 S.W.2d 629, 631 (Mo.App.1976). Evidence that a house was secured when the owner left and when he returned, one of the windows had been broken and defendant was inside, has been held sufficient to indicate a breaking and entering; even though there were no eyewitnesses to the actual breaking. *State v. Steward*, 564 S.W.2d 95, 98 (Mo.App.1978). The evidence was sufficient to support the charge. Point I is denied.

Defendant's claim of instructional error was not presented to the trial court, either by objection during trial or in de-

fendant's motion for new trial. This point was not properly preserved for our review. Rule 20.03, V.A.M.R.; *State v. Larabee*, 563 S.W.2d 154, 155–156 (Mo.App.1978). Nor do we believe that this is a matter for review as plain error under Rule 27.20(c), V.A.M.R. The items described in the instruction were identified as being taken from the residence. There were some differences in the descriptions but every item was identified and described. The instruction had a more specific and somewhat different description of some items than the testimony. The jury should easily have been able to determine what items were referred to in the instruction. We do not see how any prejudice could have occurred to defendant and certainly no manifest injustice or miscarriage of justice. Rule 27.20(c), V.A.M.R. Point II is denied.

The judgment is affirmed.

All concur.